LAW OFFICES OF IAN L. MATTOCH

IAN L. MATTOCH        898-0
Suite 1835, Pacific Guardian Center
737 Bishop Street
Honolulu, Hawaii 96813
Telephone: (808) 523-2451

Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| THE ESTATE OF ERIK A. POWELL, THROUGH PERSONAL REPRESENTATIVE MARY K. POWELL; THE ESTATE OF JAMES D. LAUGHLIN, THROUGH PERSONAL REPRESENTATIVE RAGINAE C. LAUGHLIN; MARY K. POWELL, INDIVIDUALLY; RAGINAE C. LAUGHLIN, INDIVIDUALLY; CHLOE LAUGHLIN, A MINOR, THROUGH HER NEXT FRIEND, RAGINAE C. LAUGHLIN,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY AND COUNTY OF HONOLULU,<br><br>Defendant. | CIVIL NO. CV04-00428 DAE LEK<br><br>COMPLAINT; DEMAND FOR JURY TRIAL; SUMMONS |

COMPLAINT

Come now Plaintiffs, by and through their attorneys, the Law Offices of Ian L. Mattoch, and hereby states their claims for relief as follows:

JURISDICTION AND VENUE

1. This is a claim brought by citizens and decedents of the State of Illinois (Powell) and the State of Indiana (Laughlin) against the City and County of Honolulu, a municipality generally comprising the island of Oahu, State of Hawai`i.

**EXHIBIT A**

2.  Jurisdiction is proper in the United States District Court for the District of Hawai`i under 28 U.S.C. § 1332 based upon complete diversity of citizenship and amount in controversy.

3.  Venue is proper in the United States District Court for the District of Hawai`i under 28 U.S.C. § 1391 because a substantial part of the events and omissions giving rise to the claims took place within this district.

PARTIES

4.  At all times relevant herein, Plaintiff THE ESTATE OF ERIK A. POWELL, THROUGH PERSONAL REPRESENTATIVE MARY K. POWELL ("Decedent Powell"), was a resident of the State of Illinois.

5.  At all times relevant herein, Plaintiff THE ESTATE OF JAMES D. LAUGHLIN, THROUGH PERSONAL REPRESENTATIVE RAGINAE C. LAUGHLIN ("Decedent Laughlin"), was a resident of the State of Indiana.

6.  At all times relevant herein, Plaintiff MARY K. POWELL ("Mary K. Powell") was a resident of the State of Illinois, the wife of Decedent Powell, and the sister of Decedent Laughlin.

7.  At all times relevant herein, Plaintiff RAGINAE C. LAUGHLIN ("Raginae C. Laughlin") was a resident of the State of Indiana and the wife of Decedent Laughlin.

8.  At all times relevant herein, Plaintiff CHLOE LAUGHLIN, A MINOR, THROUGH HER NEXT FRIEND, RAGINAE C. LAUGHLIN

("Chloe Laughlin"), was a resident of the State of Indiana and the daughter of Decedent Laughlin.

9. At all times relevant herein, Defendant CITY AND COUNTY OF HONOLULU ("Defendant City") was a municipality principally comprising the island of Oahu, State of Hawai`i.

## COUNT I

10. At all times relevant herein, Defendant City owned, managed and/or controlled the beach park premises known as Hanauma Bay, in the City and County of Honolulu, State of Hawai`i (hereinafter "subject premises").

11. On or about July 19, 2002, Decedent Powell, Decedent Laughlin and Plaintiff Mary K. Powell visited Hanauma Bay and were directed by an visitor center employee or agent of Defendant City to swim at the southern edge of the bay.

12. On or about July 19, 2002, Decedent Powell and Decedent Laughlin, while visiting Hanauma Bay, the subject premises, drowned close to the southern edge of the bay.

13. On or about July 19, 2002, Defendant City staffed the subject premises with lifeguards and was otherwise responsible for the safe operation of the subject premises as a beach park and tourist destination.

14. Defendant City acted in a careless and negligent manner, through its managers, employees and agents, in that said employees and agents failed to properly and safely manage the operation of the subject premises and failed to adequately staff

the subject premises with water safety officers, lifeguards and rescue equipment.

15. Defendant City acted in a careless and negligent manner in that its employees and agents negligently performed water safety and lifeguard duties and failed to keep a proper lookout for swimmers in distress, including Decedent Powell and Decedent Laughlin.

16. Defendant City acted in a careless and negligent manner in that it failed to adequately and properly warn Decedent Powell and Decedent Laughlin of the dangerous ocean conditions generally, and failed to warn of the particular ocean conditions on the south side of the bay.

17. Defendant City acted in a careless and negligent manner in that it failed to properly staff the lifeguard position with employees with the correct training, failed to properly supervise its lifeguard and other employees, and failed to staff the subject premises with the proper number of lifeguards for the size of the beach, bay, coastline, and number of visitors in the area.

18. As a direct and proximate result of the carelessness and negligence of Defendant City, Decedent Powell and Decedent Laughlin drowned, and the two estates and their survivors are entitled to recover general and special damages including, but not limited to, pain and suffering, emotional distress, loss of future earnings, medical expenses, burial

expenses, and all other damages allowed by law, in amounts to be proven at trial.

## COUNT II

19. Plaintiffs reallege and incorporate by reference all of the allegations contained in this Complaint as though fully set forth and repeated here.

20. Defendant City acted in a grossly negligent and wanton manner because, among other reasons, a visitor center employee or agent of Defendant City directed decedents to swim at the southern edge of the bay without any warning or without adequate warning, although Defendant City and its employees an agents knew or should have known the southern edge of the bay was more dangerous compared to other parts of the bay, and was very dangerous on July 19, 2002, considering the ocean conditions that day, and was otherwise unstaffed or understaffed by water safety officers and lifeguards.

21. As a direct and proximate result of the gross negligence and wanton acts of Defendant City, through its employees and agents, Decedent Powell and Decedent Laughlin drowned, and the two estates and their survivors are entitled to recover general, special and punitive damages including, but not limited to, pain and suffering, emotional distress, loss of future earnings, medical expenses, burial expenses, and all other damages allowed by law, in amounts to be proven at trial.

COUNT III

22. Plaintiffs reallege and incorporate by reference all of the allegations contained in this Complaint as though fully set forth and repeated here.

23. As a direct and proximate result of the negligence of Defendant City, Plaintiff Mary K. Powell, as the surviving spouse of Decedent Powell, surviving sister of Decedent Laughlin and witness to the subject drownings, is entitled to recover general and special damages from Defendant City as permitted by law, including but not limited to damages for emotional distress, loss of consortium, society, companionship, comfort, support, economic support, care and attention, and all other damages allowed by law, in an amount to be proven at trial.

24. As a direct and proximate result of the negligence of Defendant City, Plaintiff Raginae C. Laughlin and Plaintiff Chloe Laughlin, as the surviving spouse and daughter of Decedent Laughlin, respectively, are entitled to recover general and special damages from Defendant City as permitted by law, including but not limited to damages for emotional distress, loss of consortium, society, companionship, comfort, support, economic support, care, parental care and attention, and all other damages allowed by law, in an amount to be proven at trial.

WHEREFORE, Plaintiffs demand judgment against Defendant City for general, special and punitive damages in amounts that will be proven at trial, including their costs, interest from the

date of the incident, reasonable attorneys' fees and such other relief as the Court deems just and proper.

    DATED:  Honolulu, Hawai`i,   JUL 1 6 2004  .

_____
IAN L. MATTOCH
Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| THE ESTATE OF ERIK A. POWELL, THROUGH PERSONAL REPRESENTATIVE MARY K. POWELL; THE ESTATE OF JAMES D. LAUGHLIN, THROUGH PERSONAL REPRESENTATIVE RAGINAE C. LAUGHLIN; MARY K. POWELL, INDIVIDUALLY; RAGINAE C. LAUGHLIN, INDIVIDUALLY; CHLOE LAUGHLIN, A MINOR, THROUGH HER NEXT FRIEND, RAGINAE C. LAUGHLIN,<br><br>          Plaintiffs,<br><br>     vs.<br><br>CITY AND COUNTY OF HONOLULU,<br><br>          Defendants. | CIVIL NO._____<br><br>DEMAND FOR JURY TRIAL |

### DEMAND FOR JURY TRIAL

Come now Plaintiffs above-named, by and through their attorneys, the Law Offices of Ian L. Mattoch, and hereby demand trial by jury on all issues triable herein.

DATED: Honolulu, Hawai`i, __JUL 1 6 2004__ .

_____
IAN L. MATTOCH
Attorney for Plaintiffs