LAW OFFICES OF IAN L. MATTOCH

IAN L. MATTOCH                         898-0
EMILY KAWASHIMA WATERS    6498-0
Suite 1835, Pacific Guardian Center
737 Bishop Street
Honolulu, Hawai`i  96813
Telephone:  (808) 523-2451

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| THE ESTATE OF ERIK A. POWELL, THROUGH PERSONAL REPRESENTATIVE MARY K. POWELL; THE ESTATE OF JAMES D. LAUGHLIN, THROUGH PERSONAL REPRESENTATIVE RAGINAE C. LAUGHLIN; MARY K. POWELL, INDIVIDUALLY; RAGINAE C. LAUGHLIN, INDIVIDUALLY; CHLOE LAUGHLIN, A MINOR, THROUGH HER NEXT FRIEND, RAGINAE C. LAUGHLIN, <br><br>             Plaintiffs, <br><br>   vs. <br><br>CITY AND COUNTY OF HONOLULU, <br><br>             Defendant. <br><br>   and | CIVIL NO. CV04-00428 LEK <br><br>PLAINTIFFS' SEPARATE AND CONCISE STATEMENT OF FACTS IN SUPPORT OF MEMORANDUM IN OPPOSITION TO DEFENDANT CITY AND COUNTY OF HONOLULU'S MOTION FOR PARTIAL SUMMARY JUDGMENT, FILED DECEMBER 29, 2006; DECLARATION OF EMILY KAWASHIMA WATERS; EXHIBITS "1" – 32", "34", "37" AND "38"; DECLARATION OF RICHARD GILL, Ph.D.; EXHIBITS "33a" – "33c"; DECLARATION OF THOMAS C. EBRO; EXHIBITS "35a" – "35c"; DECLARATION OF ROGER LUKAS, Ph.D.; EXHIBITS "36a" AND "36b"; CERTIFICATE OF SERVICE <br><br>TRIAL:   April 3, 2007 |

| | |
|---|---|
| CITY AND COUNTY OF HONOLULU, | ) ) ) |
| Third-Party Plaintiff, | ) ) |
| vs. | ) ) ) |
| UNIVERSITY OF HAWAII, a body corporate; JOHN DOES 1-10, JANE DOES 1-10, DOE CORPORATIONS and DOE ENTITIES, | ) ) ) ) ) ) |
| Third-Party Defendants. | ) ) ) |
| _____ | ) |

PLAINTIFFS' SEPARATE AND CONCISE STATEMENT OF FACTS IN SUPPORT OF MEMORANDUM IN OPPOSITION TO DEFENDANT CITY AND COUNTY OF HONOLULU'S MOTION FOR PARTIAL SUMMARY JUDGMENT, FILED DECEMBER 29, 2006

Pursuant to Local Rule 56.1, Plaintiffs hereby submit a separate and concise statement of material facts in dispute in support of its Memorandum in Opposition to Defendant City and County of Honolulu's Motion for Partial Summary Judgment which is filed contemporaneously herewith.

| FACTS | EVIDENCE |
|---|---|
| 1. There were 12 drownings at Hanauma Bay in 2002. | See Exh. 29, Depo of Ralph Goto. |
| 2. Plaintiffs pleaded gross negligence as to the lifeguards. | Plaintiffs' Complaint at ¶ 19-21. |
| 3. On that particular day, there were 3,773 people in attendance at the park. | See Exh. 37. |
| 4. Neither lifeguard tower allowed the lifeguards to see | See Exh. 14, Depo of |

2

| | |
|---|---|
| the Witches Brew area. "It refers to the Witches Brew point on the inside part where you can see, because the back side, you can't see at all." | Clarence Moses. |
| 5. Hanauma Bay was grossly understaffed. | See Exh. 23, Depo of Clarence Moses; Exh. 24, Depo of Daniel Neves. |
| 6. There were only 4 lifeguards staffed at Hanauma Bay. Often only 2 would be actively on duty. | See Exh. 24, Depo of Daniel Neves. |
| 7. The City had the ability to transfer lifeguards to assist at Hanauma Bay but did not. | See Exh. 27, Depo of James Howe; Exh. 28, Depo of Ralph Goto. |
| 8. The City had only one jet ski which was assigned to assist emergencies at Kailua Beach, Waimanalo, Sandy Beach, Hanauma Bay and Moanalua Bay. | See Exh. 26, Depo of Daniel Neves. |
| 9. The City failed to take any additional precautions to ensure that no additional drownings occurred | See Exh. 27, Depo of James Howe. |
| 10. The City did not assign anyone to monitor from either ledge, or on the water. | See Exh. 30, Depo of Ralph Goto. |
| 11. Additional precautions would have prevented the drownings in this case. | See Exh. 25, Depo of Daniel Neves. |
| 12. At the time that this incident occurred, warning signs were posted. But there is no evidence that they complied with Act 190. | See Exhibit 38. |
| 13. Ralph Goto's declaration constitutes inadmissible hearsay, lacks personal knowledge and lacks foundation. | See Declaration of Ralph Goto. |
| 14. The warning signs were inadequate to inform swimmers that the outer reef was closed due to rough conditions. | See Exh. 33, 33a, 33b. |

| | |
|---|---|
| 15. The City lifeguards closed the outer reef on the date of the incident due to strong currents and dangerous conditions. | See Exh. 12, Depo of Daniel Neves. |
| 16. Plaintiff Katie Powell asked an employee at the information desk how to get past the coral reef and was directed to the buoys in front of the cable channel. | See Exh. 7, Depo of Katie Powell. |
| 17. Katie Powell last saw Jim Laughlin and Erik Powell alive as they swam to the buoys that led to the cable channel. | See Exh. F to Defendant's Concise Statement. |
| 18. None of the lifeguards on duty saw Erik Powell or Jim Laughlin swimming through the channel. | See Exh. F to Defendant's Concise Statement. |
| 19. 80-90% of the rescues occurred in the cable channel due to the strong current or undertow. | See Exh. 22, Depo of Ron Bregman. |
| 20. The buoys at the mouth of the channel were misleading and did not prevent swimmers from entering the area. | See Exh. 40, Depo of Ron Bregman. |

DATED: Honolulu, Hawai`i, January 18, 2007.

/s/ Emily Kawashima Waters
IAN L. MATTOCH
EMILY KAWASHIMA WATERS
Attorneys for Plaintiffs