CARRIE K.S. OKINAGA, 5958
Corporation Counsel
DEREK T. MAYESHIRO, 6858
Deputy Corporation Counsel
City and County of Honolulu
530 South King Street, Room 110
Honolulu, Hawaii  96813
Telephone:  (808) 523-4890
Facsimile:  (808) 523-4583
e-mail:  dmayeshiro@honolulu.gov

Attorneys for Defendant
  CITY AND COUNTY OF HONOLULU

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| THE ESTATE OF ERIC A. POWELL, THROUGH PERSONAL REPRESENTATIVE MARY K. POWELL; THE ESTATE OF JAMES D. LAUGHLIN, THROUGH PERSONAL REPRESENTATIVE RAGINAE C. LAUGHLIN; MARY K. POWELL, INDIVIDUALLY; RAGINAE C. LAUGHLIN, INDIVIDUALLY; CHLOE LAUGHLIN, A MINOR, THROUGH HER NEXT FRIEND, RAGINAE C. LAUGHLIN, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil No. CV04 00428 LEK<br><br>DEFENDANT CITY AND COUNTY OF HONOLULU'S REPLY MEMORANDUM TO PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT CITY AND COUNTY'S MOTION FOR PARTIAL SUMMARYJUDGMENT; DECLARATION OF RALPH GOTO; EXHIBIT "H-I"; DECLARATION OF DEREK T. MAYESHIRO; EXHIBIT "J"; CERTIFICATE OF SERVICE |
|            Plaintiffs, | ) ) ) | Hearing:<br>Date:  February 8, 2007<br>Time:  10:00 a.m. |
| vs. | ) ) ) | Judge:  Hon. Leslie E. Kobayashi |
| CITY AND COUNTY OF HONOLULU, | ) ) ) ) | Trial:  April 3, 2007 |

Defendant.                    )
                              )
and                           )
                              )
CITY AND COUNTY OF            )
HONOLULU,                     )
                              )
          Third-Party Plaintiff,  )
                              )
vs.                           )
                              )
UNIVERSITY OF HAWAII, a body  )
corporate; JOHN DOES 1-10, JANE )
DOES 1-10, DOE                )
CORPORATIONS and DOE          )
ENTITIES,                     )
                              )
          Third-Party Defendants. )
_____ )

DEFENDANT CITY AND COUNTY OF HONOLULU'S
REPLY MEMORANDUM TO PLAINTIFFS' MEMORANDUM IN
OPPOSITION TO DEFENDANT CITY AND COUNTY'S
MOTION FOR PARTIAL SUMMARY JUDGMENT

Defendant City and County of Honolulu (hereinafter "City") hereby

respectfully submits its Reply Memorandum to Plaintiffs' Memorandum in

Opposition to Defendant City and County of Honolulu's Motion for Partial

Summary Judgment.

I.      DISCUSSION

        A.      There Is No Evidence as to the Cause of Erik Powell's Death.

Plaintiffs claim that their case "centers on evidence that the City failed to implement safety procedures that would have prevented Erik Powell's death." Plaintiffs' Memorandum in Opposition, Pg. 9. However, they offer no evidence that the City's alleged negligence was a substantial factor in his death. While they claim that rough ocean conditions, understaffing and/or confusing buoys[1] were the cause of Erik Powell's death, they offer no evidence that support this contention. Any evidence as to what led to Erik Powell's death is speculative because unfortunately, we just don't know what happened to him.

Plaintiffs rely upon Haft v. Lone Palm Hotel, 3Cal.3d 756, 91 Cal.Rptr. 745, 478 P.2d 465 (1970) for the proposition that they need not offer any evidence of the cause of Erik Powell's death. However, the California Supreme Court decided as a policy matter that the plaintiff need not offer evidence as to the cause of the decedents' deaths because the defendant did not implement *any* safety measures required by California law. In Haft, there were no lifeguards at the hotel pool, there were no warning signs at the pool, and there was conflicting evidence if any lifesaving rings were

---

[1] Plaintiffs' discussion regarding the buoys is not relevant to this case. The decedents elected to swim past the buoys because they wanted to swim past the coral reef to see turtles and other neat things. See, City's Exhibit "F", Pg. 40, Lines 3-23; Pg. 56, Line 22 to Pg. 57, Line 19. Thus, the decedents were not confused by the buoys, they intended to swim past the buoys to go beyond the reef.

near the pool.  The facts in this case are considerably different which does

not warrant such a drastic policy modification to Plaintiffs' need to present

evidence of a genuine issue of material fact.

Here, Plaintiffs must show evidence that a genuine issue of material

of fact.  In <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23, 106 S. Ct. 2548,

2552-53, 91 L.Ed.2d 265 (1986), the United States Supreme Court stated

that:

> *[T]he plain language of Rule 56(c) (Fed. R. Civ. P.)*
> *mandates the entry of summary judgment, after adequate*
> *time for discovery and upon motion, against the party who*
> *fails to make a showing sufficient to establish the*
> *existence of an element essential to the party's case, and*
> *on which that party will bear the burden of proof at trial.*
> In such a situation, there can be no genuine issue as to
> any material fact, since a complete failure of proof
> concerning an essential element of the non-moving
> party's case necessarily renders all other facts immaterial
> . . .
>
> <u>Id</u>.; Emphasis added.

In addition, in order to overcome a motion for summary judgment, a

responding party must then come forward with "specific facts showing that

there is a genuine issue for trial" by affidavits or otherwise, and may "not

rest upon the mere allegations or denials of his pleading."  Fed. R. Civ. P.

56(e).  Furthermore, if the evidence is merely colorable, or is not

significantly probative, summary judgment may be granted.  <u>Anderson v.</u>

Liberty Lobby, Inc. 477 U.S. 242, 249-50, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202, ___ (1986).

Thus, Plaintiffs have the burden of proving causation, but they cannot.  Plaintiffs have the burden of presenting facts showing a genuine issue, but they cannot.  Plaintiffs' speculative allegations are insufficient to overcome this Motion.  Consequently, the City requests summary judgment in favor of all claims pertaining to the death of Erik Powell.

      B.    <u>The City Complied with Act 190.</u>

Ralph Goto, the City's Administrator of the Ocean Safety and Lifeguard Services Division, Honolulu Emergency Services Department, City & County of Honolulu, is also a member of the Task Force established under Act 190 of the 1996 Session Laws of Hawaii ("Task Force").  He has been a continuous member of the Task Force since it was created in 1996. See Supplemental Declaration of Ralph Goto.

As a member of the Task Force, Mr. Goto has the personal knowledge to testify as to the statements in his declarations in support of this Motion.  Exhibits "H" and "I"[2] attached to Mr. Goto's Supplemental

---

[2]    Mr. Goto became in possession of Exhibit "I" through his membership of the Task Force.  Documents that comprise Exhibit "H" was produced to Plaintiffs as Bate Stamped Nos. 00022 and 00023 (Exhibit "J") which also include photos of the Act 190 signs that were posted at Hanauma Bay. See Declaration of Derek T. Mayeshiro.

Declaration demonstrate that in 1997, the Chair of BLNR in 1997 approved the City's proposed Act 190 signs at Hanauma Bay.  Mr. Goto further attests that these Act 190 signs described in Exhibit "H" were placed at Hanauma Bay and were present at their described location on July 19, 2002.  See Supplemental Declaration of Ralph Goto.

The Declarations of Ralph Goto[3] and the attached Exhibits demonstrate that the City has complied with Act 190 and therefore, the City is entitled to its legal protections.  Thus, the City requests summary judgment for all claims related to negligent and/or improper warnings and/or signage.

C.    The City and Its Lifeguards are Not Liable.

Plaintiffs do not contest that Act 170 of the 2002 Regular Session is controlling in this case.  This provision states that a county lifeguard and its employing county shall not be liable for any civil damages resulting from any act or omission of the lifeguard while providing rescue, resuscitative, or other lifeguard services on the beach or in the ocean in the scope of their employment.  Here, Plaintiffs have failed to plead gross negligence and

---

[3]    Mr. Goto's declarations are permitted under Rule 56(e) of the Federal Rules of Civil Procedure and should therefore, they should be considered inadmissible hearsay.

assuming that it was adequately plead, the lifeguards were not grossly

negligent.

First, despite Plaintiffs' claims to the contrary, they have not

adequately plead gross negligence.  In describing the alleged lifeguard

negligence, Plaintiffs plead as follows:

> 15.    Defendant City acted in a careless and negligent manner
> in that its employees and agents negligently performed water
> safety and lifeguard duties and failed to keep a proper lookout
> for swimmers in distress, including Decedent Powell and
> Laughlin.

> See Exhibit "A" at Par. 15.

This Paragraph of their Complaint demonstrates that they only plead

simple negligence with respect to lifeguard action/inaction.  While Plaintiffs

claim that Paragraph 20 pleads gross negligence, it is centered around the

alleged actions of "a visitor center employee" who "directed decedents to

swim at the southern edge of the bay."  See Exhibit "A", Par. 20.

This paragraph does not give the City notice when (1) Paragraph 20

does not mention or reference any lifeguard services and (2) the paragraph

that does mention lifeguard services only pleads simple negligence.

Second, Plaintiffs have failed to establish that the lifeguards acted

with gross negligence.  Plaintiffs have attached the reports and curriculum

vitaes of two purported experts.  These documents should not be

considered since they are not declarations or affidavits as permitted by Rule 56 of the Federal Rules of Civil Procedure.

Furthermore, this Court should not consider the Declaration of Richard Gill and Plaintiffs' Exhibits "33a – 33c" because there is no showing that Dr. Gill has expertise in the area of water safety.

In Daubert vs. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 113 S.Ct. 2786, 125 L. Ed. 2d 469 (1993), the United States Supreme Court ruled that the Federal Rules of Evidence, rather than the Frye test, provides the standard for admitting expert scientific testimony at trial. The Court recognized that the Frye test, or the "general acceptance test," was established in 1923. Since the Frye opinion, the Federal Rules of Evidence were created and it overtakes the field in the arena of expert scientific evidence. The Court ruled that in applying Rule 702 of the Federal Rules of Evidence, the trial court must determine at the outset, pursuant to Rule 104(a), whether the expert is proposing to testify as to scientific knowledge that will assist the trier of fact to understand or determine a fact in issue. Id., 509 U.S. at 593. The Court emphasized that the word "knowledge" in Rule 702 connotes more than a subjective belief or unsupported speculation. Daubert, at 590, 113 S.Ct. 2786.

To this end, the Court ruled that the trial court is charged with the obligation to ensure that the expert's testimony both rests on a reliable foundation and is relevant to the task at hand.  Id., 509 U.S. at 597.  This analysis focuses upon the soundness of the methodology used by the expert rather than the correctness of the expert's conclusions.  Daubert vs. Merrell Dow Pharmaceuticals, Inc., 43 F.3d 1311, 1318 (9th Cir.), ("Daubert II"), *cert. denied*, 516 U.S. 869, 116 S.Ct. 189, 133 L.Ed.2d 126 (1995).

And, while the Court did offer some general observations for a trial court to consider, it did not presume to outline a checklist that would offer definitive areas to explore.

In Kumho Tire Company, Ltd. vs. Carmichael, 526 U.S. 137, 119 S.Ct. 1167, 143 L. Ed. 2d 238 (1999), the Supreme Court echoed its ruling in Daubert that the trial judge must ensure that any and all scientific testimony is not only relevant, but reliable.  However, the Court broadened the application of Daubert by ruling that it applies to all expert testimony, not just scientific testimony.

In cases where witness's expertise falls outside the scientific community, the district court may or may not consider the <u>Daubert</u> factors[4] in assessing reliability.  The Court stated:

> [T]he trial judge must have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable. . . The trial court must have the same kind of latitude in deciding *how* to test an expert's reliability, and to decide whether or when special briefing or other proceedings are needed to investigate reliability, as it enjoys when it decides *whether* that expert's relevant testimony is reliable.

<u>Id.</u>, 526 U.S. at 152; (Emphasis in original).

The Court further reiterated that the appellate courts review a district court's decision to admit or exclude expert testimony using an abuse of discretion standard.  <u>Id.</u>; See also, <u>General Electric Co. vs. Joiner</u>, 522 U.S. 136, 143, 118 S.Ct. 512, 139 L.Ed.2d 508 (1997).

Here, there is nothing to indicate that Dr. Gill has the specialized knowledge, skill, experience, training, or education to qualify him as an water safety expert as required by Rule 702 of the Federal Rules of Evidence.  He does not appear to have any education or experience in

---

[4]    The <u>Daubert</u> Court identified the following non-exclusive factors that a district court may consider including:  (1) the objective testability of the expert's technique or theory; (2) whether the technique or theory had been subjected to peer review and publication; (3) the error rate for the technique or theory; (4) the existence and maintenance of standards and controls; and (5) the degree to which the technique or theory has been accepted in the community.  <u>Daubert</u>, 509 U.S. 579, 592.

ocean safety or lifeguard procedures.  Thus, the Court should assign no weight to his opinions.  In the alternative, this Court should conducting a hearing under Rule 104(a) of the Federal Rules of Evidence to determine the qualifications of Dr. Gill to offer opinions in this case.

As for Plaintiffs' other expert, Thomas Ebro, the City relies upon its arguments presented in its Memorandum in Support of the Motion that Mr. Ebro's opinion fails to rely upon specific facts or data as required by Rule 702.

Finally, Plaintiffs claim for the first time in their Memorandum in Opposition that the City owe a heightened duty of care under the State of Hawaii's Recreational Use Statute, H.R.S. §520-1.  See, Plaintiffs' Memorandum in Opposition, Pg. 24.  However, the Hawaii Supreme Court ruled that the Recreational Use Statute does not apply to the government property.  See, Lansdell v. County of Kauai, 110 Haw. 189, 195-96, 130 P.3d 1054, 1060-61 (2006).  Therefore, this assertion is without merit.

> D.    Plaintiffs Offer No Evidence that the Visitor Center Person is a City employee.

Plaintiffs have had an opportunity to conduct discovery and conduct their own investigation as to relevant facts in this case.  Plaintiffs have no countervailing evidence to contest the statements in Alan Hong's declaration that the alleged visitor center person is not a City employee.

-11-

Nor, have Plaintiffs requested additional time under Rule 56(f) of the Federal Rules of Civil Procedure to obtain additional discovery on this issue.  For these reasons and those in the City's Memorandum In Support of the Motion, the City is entitled to summary judgment as to Count II.

II.    CONCLUSION

Based upon the foregoing, the City requests summary judgment in its favor for the following: (1) All claims pertaining to the death of Erik Powell; (2) Plaintiffs' claims as alleged in Paragraphs 15 and 16 of Count I of the Complaint; and (3) Plaintiffs' claims as alleged in Count II of the Complaint.

DATED:  Honolulu, Hawaii, January 26, 2007.

CARRIE K.S. OKINAGA
Corporation Counsel


By:  /s/ Derek T. Mayeshiro
     DEREK T. MAYESHIRO
     Deputy Corporation Counsel
     Attorney for Defendant
     CITY AND COUNTY OF HONOLULU