# MINUTES

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

02/07/2007  4:30 pm

SUE BEITIA, CLERK

| | |
|---|---|
| CASE NUMBER: | CIVIL NO. 04-00428LEK |
| CASE NAME: | The Estate of Erik Powell, et al. Vs. City and County of Honolulu |
| ATTYS FOR PLA: | |
| ATTYS FOR DEFT: | |
| INTERPRETER: | |

| | | | |
|---|---|---|---|
| JUDGE: | Leslie E. Kobayashi | REPORTER: | |
| DATE: | 02/07/2007 | TIME: | |

COURT ACTION: **EO: Court's Inclination Re Defendant's Motion for Partial Summary Judgment**

Before the Court is Defendant City and County of Honolulu's ("Defendant") Motion for Partial Summary Judgment, filed December 29, 2006 ("Motion"). In the Motion, Defendant asks the Court to grant summary judgment in its favor as to all claims pertaining to Powell's death and as to Plaintiffs' request for punitive damages.

The Court is inclined to grant the Motion as to the punitive damages claim and as to the allegations in Count II regarding the visitor center employee, and to deny the Motion in all other respects.

As to the punitive damages claim, the Court is inclined to find that, as a matter of law, Plaintiffs cannot maintain an action for punitive damages against a municipality. See Lauer v. Young Men's Christian Ass'n of Honolulu, 57 Haw. 390, 402, 557 P.2d 1334, 1342 (1976) (holding that, for policy reasons, a municipality is not liable for punitive damages).

As to the allegations regarding the visitor center employee in Count II, the Court is inclined to find that the University of Hawai`i was under contract to provide for and staff volunteers at the Hanauma Bay visitor center on July 19, 2002. [Separate & Concise Stat. of Facts in Supp. of Motion, Decl. of Alan Hong at ¶¶ 7-9.] Therefore the visitor center employee referenced in Count II was not Defendant's employee or agent.

Plaintiffs are required to demonstrate that their damages result from a county lifeguard's gross negligence or wanton act or omission.  See Haw. Rev. Stat. § 663-10.5.  The Court is inclined to find that Plaintiffs' Complaint meets the notice pleading requirement has been met with regard to the claim of gross negligence.

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The moving party bears the initial burden of establishing that there is no genuine issue of material fact.  See MetroPCS, Inc. v. City & County of San Francisco, 400 F.3d 715, 720 (9th Cir. 2005).  There is no genuine issue of material fact if a rational trier of fact could not find for the non-moving party, based on the record as a whole.  See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).  "A material fact is one that may affect the decision, so that the finding of that fact is relevant and necessary to the proceedings."  W. Sunview Props., LLC v. Federman, 338 F. Supp. 2d 1106, 1114 (D. Hawai`i 2004) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).  As to the remaining claims for which Defendant seeks partial summary judgment, the Court is inclined to find that there is a genuine issue of material fact and thus the claims are not appropriate for summary judgment.

The parties should appear at the February 8, 2007 hearing prepared to discuss these issues and/or to direct the Court to controlling case law that either supports or contradicts these matters.  The Court notes that these inclinations are intended only to help the parties prepare for oral argument and are not the Court's final decisions in the matter.  Rather, the parties are encouraged to raise relevant case law and/or facts to show the Court why its inclinations are mistaken or correct.

Cc: all counsel


Submitted by: Warren N. Nakamura, Courtroom Manager