LAW OFFICES OF IAN L. MATTOCH

IAN L. MATTOCH                  898-0
EMILY KAWASHIMA WATERS    6498-0
STUART M. KODISH              4698-0
Suite 1835, Pacific Guardian Center
737 Bishop Street
Honolulu, Hawaii 96813
Telephone:  808-523-2451

Attorneys for Plaintiffs

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF HAWAIʻI

| | | |
|---|---|---|
| THE ESTATE OF ERIK A. POWELL, THROUGH PERSONAL REPRESENTATIVE MARY K. POWELL; THE ESTATE OF JAMES D. LAUGHLIN, THROUGH PERSONAL REPRESENTATIVE RAGINAE C. LAUGHLIN; MARY K. POWELL, INDIVIDUALLY; RAGINAE C. LAUGHLIN, INDIVIDUALLY; CHLOE LAUGHLIN, A MINOR, THROUGH HER NEXT FRIEND, RAGINAE C. LAUGHLIN, | ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL NO. CV04-00428 LEK<br><br>PLAINTIFFS' FINAL PRETRIAL STATEMENT; CERTIFICATE OF SERVICE<br><br><br>TRIAL:  April 3, 2007 |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| CITY AND COUNTY OF HONOLULU, | ) ) | |
| Defendant. | ) ) | |
| and | ) ) | |

CITY AND COUNTY OF HONOLULU,  )
  )
        Third-Party Plaintiff,  )
  )
    vs.  )
  )
UNIVERSITY OF HAWAII, a body  )
corporate; JOHN DOES 1-10, JANE  )
DOES 1-10, DOE CORPORATIONS and  )
DOE ENTITIES,  )
  )
        Third-Party Defendants. )
_____  )

## PLAINTIFFS' FINAL PRETRIAL STATEMENT

Plaintiffs The Estate of Erik A. Powell, through personal representative Mary Kathryn Powell; The Estate of James D. Laughlin, through personal representative Raginae C. Laughlin; Mary Kathryn Powell, Individually; Raginae C. Laughlin, Individually; Chloe Laughlin, a minor, through her next friend Raginae C. Laughlin, by and through their attorneys, the Law Offices of Ian L. Mattoch, hereby submit their Final Pretrial Statement pursuant to Rule 16.6 of the Local Rules.

I.          PARTIES

This Final Pretrial Statement is filed on behalf of the Plaintiffs,  The Estate of Erik A. Powell, through personal representative Mary Kathryn Powell; The Estate of James D. Laughlin, through personal representative Raginae C.

Laughlin; Mary Kathryn Powell, Individually; Raginae C. Laughlin, Individually;

Chloe Laughlin, a minor, through her next friend Raginae C. Laughlin.

II.        JURISDICTION AND VENUE

These claims are brought by citizens and decedents of the State of

Illinois (Powell) and the State of Indiana (Laughlin) against the City and County of

Honolulu, a municipality generally comprising the island of Oahu, State of

Hawai`i.

Jurisdiction is proper in the United States District Court for the

District of Hawai`i under 28 U.S.C. § 1332 based upon complete diversity of

citizenship and amount in controversy.

Venue is proper in the United States District Court for the District of

Hawai`i under 28 U.S.C. § 1391 because a substantial part of the events and

omissions giving rise to the claims took place within this district.

III.       SUBSTANCE OF ACTION

This is an action to recover damages for the wrongful deaths and

personal injuries arising from a double-drowning incident that occurred on July 19,

2002 at Hanauma Bay in Honolulu, Hawaii.  Plaintiffs seek to recover special

damages, including medical expenses and lost wages.  They also seek to recover

general damages to include but not limited to damages for emotional distress, loss

of consortium, society, companionship, comfort, support, economic support, care,

parental care and attention, and all other damages allowed by law.

IV.        UNDISPUTED FACTS

Defendant City and County of Honolulu ("Defendant City") was a

municipality principally comprising the island of Oahu, State of Hawai`i.

V.        DISPUTED FACTUAL ISSUES

As noted above, the factual issues in dispute relate to the

determination of liability in the double-drowning incident and the resulting

damages.  Plaintiffs expect that there will be disputes regarding Defendant City's

liability, Decedent Erik A. Powell and Decedent James D. Laughlin's contributory

negligence, the amounts of lost income and economic damages, and the extent of

general damages.

VI.        RELIEF PRAYED

A.        Plaintiffs The Estate of Erik A. Powell, through personal

representative Mary Kathryn Powell and Mary Kathryn Powell, Individually, seek

to recover elements of special and general damages for the death of Erik A.

Powell, mental and emotional distress, medical and funeral expenses, lost wages

and loss of earning capacity.  Plaintiff Mary Kathryn Powell seeks to recover

general damages for the loss of love, affection, solace, comfort, companionship,

society and emotional support of Decedent Erik A. Powell that he would have

rendered her except for the extent of his death arising from the double-drowning incident.

The medical and funeral expenses sought by Plaintiffs The Estate of Erik A. Powell through personal representative Mary Kathryn Powell and Mary Kathryn Powell, Individually total $16,958.00.

Plaintiffs The Estate of Erik A. Powell, through personal representative Mary Kathryn Powell and Mary Kathryn Powell, Individually have lost earnings and suffered a diminution of earnings capacity as a result of the subject incident.  The actual loss of income is calculated between $2.10 -$2.85 million.

Plaintiffs The Estate of Erik A. Powell, through personal representative Mary Kathryn Powell and Mary Kathryn Powell, Individually have calculated the value of benefits and household services to total $365,000.00 as a result of the death of Erik A. Powell.

B.    The Estate of James D. Laughlin, through personal representative Raginae C. Laughlin, Raginae C. Laughlin, Individually, and Chloe Laughlin, a minor, through her next friend Raginae C. Laughlin seek to recover elements of special and general damages for the death of James D. Laughlin, mental and emotional distress, medical and funeral expenses, lost wages and loss of earning capacity.  Plaintiffs Raginae and Chloe Laughlin seek to recover general

damages for the loss of love, affection, solace, comfort, companionship, society and emotional support of Decedent James D. Laughlin that he would have rendered them except for the extent of his death arising form the double-drowning incident.

The medical and funeral expenses sought by Plaintiffs The Estate of James D. Laughlin through personal representative Raginae C. Laughlin, Raginae C. Laughlin, Individually, and Chloe Laughlin, a minor, through her next friend Raginae C. Laughlin total $12,190.00.

Plaintiff The Estate of James D. Laughlin, through personal representative Raginae C. Laughlin, Raginae C. Laughlin, Individually, and Chloe Laughlin, a minor, through her next friend Raginae C. Laughlin have lost earnings and suffered a diminution of earnings capacity as a result of the subject incident. The actual loss of income is calculated at approximately $6 million.

Plaintiffs The Estate of James D. Laughlin, through personal representative Raginae C. Laughlin, Raginae C. Laughlin, Individually, and Chloe Laughlin, a minor, through her next friend Raginae C. Laughlin have calculated the value of benefits and household services to total $685,000.00 as a result of the death of James D. Laughlin.

C.    Plaintiffs seek general damages and general damages for their loss of consortium claims in amounts which the jury determines to be appropriate.

VII.        <u>POINTS OF LAW</u>

Plaintiffs allege that Defendant acted in a careless and negligent manner, through its managers, employees and agents, in that said employees and agents failed to properly and safely manage the operation of the subject premises and failed to adequately staff the subject premises with water safety officers, lifeguards and rescue equipment, and acted in a careless and grossly negligent manner in that its employees and agents negligently performed water safety and lifeguard duties and failed to keep a proper lookout for swimmers in distress, including Decedent Powell and Decedent Laughlin.  Plaintiffs rely on common law negligence to establish and prove that the City and its employees had a duty to protect and prevent decedents from entering a closed area.

Defendant City acted in a careless and negligent manner in that it failed to adequately and properly warn Decedent Powell and Decedent Laughlin of the dangerous ocean conditions generally, and failed to warn of the particular ocean conditions on the south side of the Bay.  Defendant City will likely rely on Act 190 as its defense of the failure to warn claims.  However, Plaintiffs maintain that the City cannot establish this defense.

Defendant City acted in a careless and negligent manner in that it failed to properly staff the lifeguard position with employees with the correct training, failed to properly supervise its lifeguard and other employees, and failed

to staff the subject premises with the proper number of lifeguards for the size of the beach, bay, coastline, and number of visitors in the area.  Plaintiffs rely on their expert testimony regarding the appropriate standard of care.

Defendant City acted in a grossly negligent and wanton manner because, among other reasons, a visitor center employee or agent of Defendant City directed decedents to swim at the southern edge of the bay without any warning or without adequate warning, although Defendant City and its employees an agents knew or should have known the southern edge of the bay was more dangerous compared to other parts of the bay, and was very dangerous on July 19, 2002, considering the ocean conditions that day, and was otherwise unstaffed or understaffed by water safety officers and lifeguards.

VIII.        PREVIOUS MOTIONS

On February 8, 2007, the Court held a hearing on Defendant City & County of Honolulu's Motion for Partial Summary Judgment.  Argument was heard regarding the following issues: whether Defendant City was entitled to summary judgment as to all claims regarding decedent Erik Powell; whether Defendant City was entitled to summary judgment as to Count II regarding the agent or employee who was working at the visitor's center on the day of the incident; whether Defendant City is entitled to protection from liability regarding warnings under Act 190; whether Plaintiffs adequately pleaded gross negligence as

to the City lifeguards and whether Defendant is entitled to summary judgment as to

Plaintiffs' claims for punitive damages.  Plaintiffs conceded the last issue and the

Court took the remaining arguments under advisement.

IX.         <u>WITNESSES TO BE CALLED</u>

| <u>Witness</u> | <u>Testimony</u> |
| --- | --- |
| Mary Kathryn Powell<br>c/o Law Offices of Ian L. Mattoch<br>737 Bishop Street, #1835<br>Honolulu, HI  96813 | Plaintiff; will testify as to liability and damages. |
| Raginae C. Laughlin<br>c/o Law Offices of Ian L. Mattoch<br>737 Bishop Street, #1835<br>Honolulu, HI  96813 | Plaintiff; will testify as to damages. |
| Daniel Neves<br>1676 Ala Moana Boulevard, #909<br>Honolulu, H  96815 | Lifeguard; will testify as to liability and damages. |
| William Goodwin<br>761 Ainano Street<br>Honolulu, HI  96825 | Lifeguard; will testify as to liability and damages. |
| Shawn Chun<br>Clarence Moses<br>Ronald Bregman<br>Robert Dorr<br>c/o Derek T. Mayeshiro, Esq.<br>Office of the Corporation Counsel<br>City and County of Honolulu<br>530 S. King Street, Room 110<br>Honolulu, HI  96813 | Lifeguards; will testify as to liability and damages. |

| | |
|---|---|
| Park Attendant John H. Ochrlein<br>Park Attendant Elizabeth Amendolare<br>Park Attendant Jeff Kim<br>c/o Derek T. Mayeshiro, Esq.<br>Office of the Corporation Counsel<br>City and County of Honolulu<br>530 S. King Street, Room 110<br>Honolulu, HI  96813 | Park Attendants; will testify as to liability and damages. |
| Alan Hong<br>c/o Derek T. Mayeshiro, Esq.<br>Office of the Corporation Counsel<br>City and County of Honolulu<br>530 S. King Street, Room 110<br>Honolulu, HI  96813 | Hanauma Nature Preserve Manager; will testify as to liability and damages. |
| Ralph Goto<br>James Howe<br>c/o Derek T. Mayeshiro, Esq.<br>Office of the Corporation Counsel<br>City and County of Honolulu<br>530 S. King Street, Room 110<br>Honolulu, HI  96813 | Water Safety Division; will testify as to liability and damages. |
| Richard Gill, Ph.D.<br>Applied Cognitive Sciences<br>2104 West Riverside<br>Spokane, WA  99201 | Plaintiffs' expert witness; will testify as to liability and damages.  Dr. Gill will testify in accordance with his opinions disclosed in this matter. |
| Thomas Ebro<br>5525 Reflections Boulevard<br>Lutz, FL  33558 | Plaintiffs' expert witness; will testify as to liability and damages.  Mr. Ebro will testify in accordance with his opinions disclosed in this matter |
| Roger Lukas, Ph.D.<br>Ocean and Air<br>3138 Waialae Avenue, #427<br>Honolulu, HI  96816 | Plaintiffs' expert witness; will testify as to liability and damages.  Dr. Lukas will testify in accordance with his opinions disclosed in this matter. |

Laura Liptai, Ph.D.
Biomedical Forensics
1660 School, Ste. 103
Moraga, CA 94556

Plaintiffs' expert witness; will testify as to liability and damages. Dr. Liptai will testify in accordance with her opinions disclosed in this matter.

Thomas Loudat, Ph.D.
46-2810Auna Street
Kaneohe, HI 96744

Plaintiffs' expert witness; will testify as to damages. Dr. Loudat will testify in accordance with his opinions disclosed in this matter.

Ben Lee
c/o Derek T. Mayeshiro, Esq.
Office of the Corporation Counsel
City and County of Honolulu
530 S. King Street, Room 110
Honolulu, HI 96813

Former Managing Director for Defendant City. Mr. Lee will testify as to liability.

Hon. Jeremy Harris
c/o Derek T. Mayeshiro, Esq.
Office of the Corporation Counsel
City and County of Honolulu
530 S. King Street, Room 110
Honolulu, HI 96813

Former Mayor of the City & County of Honolulu. Mayor Harris will testify as to liability.

Salvatore Lanzilotti
c/o Derek T. Mayeshiro, Esq.
Office of the Corporation Counsel
City and County of Honolulu
530 S. King Street, Room 110
Honolulu, HI 96813

Former Director of the Emergency Services Division for Defendant City. Mr. Lanzilotti will testify as to liability.

Derek L. Maurer, FFI
Douglas C. Bechert, Capt.
Paul Kahele, FF3
Randall Lindsey, FF1
Honolulu Fire Department
3375 Koapaka, H-425
Honolulu, HI 96819

Responding HFD personnel; will testify as to liability and damages.

EMT Patrick Asing                           Responding EMTs; will testify as to
EMT W Cody                                  liability and damages.
EMT Jeff Lee
EMT Ogden
Emergency Medical Services
City & County of Honolulu
3375 Koapaka St., H-450
Honolulu, HI  96819


Officer Chris Montoya                       Investigating officers; will testify as
Officer Brian Sugai                         to liability and damages.
Honolulu Police Department
801 Beretania Street
Honolulu, HI  96813


Derek Uemura, M.D.                          Emergency room physician; will
Queen's Medical Center                      testify as to damages.
1301 Punchbowl Street
Honolulu, HI  96813


Monte Elias, M.D.                           Emergency room physician; will
Straub Clinic & Hospital                    testify as to damages.
888 S. King Street
Honolulu, HI  96813


Kanthi von Guenthner, M.D.                  Medical examiner; will testify as to
Department of the Medical Examiner          liability and damages.
City and County of Honolulu
835 Iwilei Street
Honolulu, HI  96817


Jimmie L. Divers                            Witness; will testify as to liability and
1225 Vienna Drive, Space 661                damages.
Sunnyvale, CA  94089


Greg and Kathy Rangel                       Witnesses; will testify as to liability
995 Capitola Way                            and damages.
Santa Clara, CA  95051

Jeannette Mann-Chavez
San Antonio Red Cross
San Antonio, TX 78224
(210) 922-1641
(210) 224-5151 X2500

Witness; will testify as to liability and damages.

Beti Powell
8625 Madison
Munster, IN 45321

Decedent Erik A. Powell's mother; will testify as to damages.

Anthony Powell
221 Beacon Place
Munster, IN 45321

Decedent Erik A. Powell's brother; will testify as to damages.

Erin Hacker
7441 Hohman Avenue
Hammond, IN 45324

Decedent Erik A. Powell's sister; will testify as to damages.

Jerry Pupillo
c/o Hawaiian Adventures Waterpark
91-400 Farrington Highway
Ewa Beach, HI 96706

Operations Manager of Hawaiian Adventures Waterpark; will testify as to liability and damages.

Eileen Laughlin
627 King Drive
Indianapolis, IN 46240

Decedent James Laughlin's mother and Decedent Erik Powell's mother-in-law; will testify as to liability and damages.

John Laughlin, Sr.
627 King Drive
Indianapolis, IN 46240

Decedent James Laughlin's father and Decedent Erik Powell's father-in-law; will testify as to liability and damages.

John Laughlin, Jr.
14048 Jamison Lane
Carmel, IN 46032

Decedent James Laughlin's brother and Decedent Erik Powell's brother-in-law; will testify as to liability and damages.

| | |
|---|---|
| Custodian of Records<br>Burns-Kish Funeral Homes, Inc.<br>8415 Calumet Avenue<br>Munster, IN  45321 | Mortuary for Decedent Erik Powell;<br>will testify as to damages. |
| Custodian of Records<br>Leppert & Hensley<br>740 East 86th Street<br>Indianapolis, IN  46240 | Mortuary for Decedent James<br>Laughlin; will testify as to damages. |
| Custodian of Records<br>The Queen's Medical Center<br>1301 Punchbowl Street<br>Honolulu, HI  96813 | Custodian of Records and Billing;<br>will testify as to authenticity of<br>records and bills. |
| Custodian of Records<br>Straub Clinic and Hospital<br>888 S. King Street<br>Honolulu, HI  96813 | Custodian of Records and Billing;<br>will testify as to authenticity of<br>records and bills. |
| EMSS<br>City and County of Honolulu<br>3375 Koapaka St., H-450<br>Honolulu, HI  96819 | Custodian of Records; will testify as<br>to authenticity of records. |
| EMSS<br>Emergency Medical Service Systems<br>Whittman Enterprises<br>21 Blue Sky Court, Ste. A<br>Sacramento, CA 95826-9110 | Custodian of Billing; will testify as to<br>authenticity of billing. |
| The Emergency Group<br>770 Kapiolani Boulevard, Suite 705<br>Honolulu, HI  96813 | Custodian of Billing; will testify as to<br>authenticity of billing. |

X.            EXHIBITS, SCHEDULES AND SUMMARIES

1.      Honolulu Fire Department report dated July 19, 2002.  This is a report regarding the happening of the subject incident.  The sponsoring witness is likely the Custodian of Records, Honolulu Fire Department.

2.      Ambulance report forms for Decedent Erik Powell and Decedent James Laughlin.  Sponsoring witness would be Custodian of Records, Emergency Medical Services, State of Hawai`i.

3.      The Queen's Medical Center Emergency Department Records for Decedent Erik Powell.  Records regarding emergency room visit of July 19, 2002.  Sponsoring witnesses would be Custodian of Records, The Queen's Medical Center and emergency room physician, Derek Uemura, M.D.

4.      Straub Clinic and Hospital Emergency Department Records for Decedent James Laughlin.  Records regarding emergency room visit of July 19, 2002.  Sponsoring witnesses would be Custodian of Records, Straub Clinic & Hospital and emergency room physician, Monte Elias, M.D.

5.      Autopsy report for Erik A. Powell dated July 22, 2002. Sponsoring witnesses would be Custodian of Records for the Medical Examiner's Office and Medical Examiner Kanthi von Guenthner, M.D.

6.     Autopsy report for James D. Laughlin dated July 22, 2002. Sponsoring witnesses would be Custodian of Records for the Medical Examiner's Office and Medical Examiner Kanthi von Guenthner, M.D.

7.     Park attendant logs and reports for 7/19/02.  Sponsoring witnesses would be Custodian of Records for Defendant City's Water Safety Division and Defendant City.

8.     Aerial photograph of Hanauma Bay.  Sponsoring witnesses would be Plaintiff Mary Kathryn Powell and Defendant City's employees, lifeguards, and/or agents.

9.     DVD recordings of interviews of Decedent Erik A. Powell and Decedent James D. Laughlin's surviving family members.  Sponsoring witnesses would be Plaintiff Mary Kathryn Powell, Plaintiff Raginae Laughlin, and other surviving family members.

10.     "Rescue in Paradise."  Sponsoring witnesses would be Lifeguard Daniel Neves and Plaintiffs' expert Thomas Ebro.

11.     "USLA Manual:  Open Water Safety."  Sponsoring witnesses would be Defendant City's lifeguards, Defendant City's employees, and Plaintiffs' expert Thomas Ebro.

12.    "A drowning season," Honolulu Star Bulletin article. Sponsoring witnesses would be Defendant City's lifeguards, Defendant City's employees, and Plaintiffs' experts Thomas Ebro and Richard Gill, Ph.D.

13.    DVD/videos from Hanauma Bay Visitor Center. Sponsoring witnesses would be Defendant City's employees and Plaintiffs' experts Thomas Ebro and Richard Gill, Ph.D.

14.    Employment information for Erik Powell from employer. The Whitehouse and free lance employers. Sponsoring witness would be Mary Kathryn Powell, Plaintiffs' expert Thomas Loudat, Ph.D.

15.    Employment records and W2 for James Laughlin from employer Excelon Corporation. Sponsoring witness would be Raginae Laughlin, Plaintiffs' expert Thomas Loudat, Ph.D., and/or Custodian of Records, Excelon Corporation.

16.    Employment records and W2 for James Laughlin from employer C Bridge Internet Solutions. Sponsoring witness would be Raginae Laughlin, Plaintiffs' expert Thomas Loudat, Ph.D., and/or Custodian of Records, C Bridge Internet Solutions.

17.    Employment records and W2 for James Laughlin from Actoras Consulting Group. Sponsoring witness would be Raginae Laughlin, Plaintiffs'

expert Thomas Loudat, Ph.D., and/or Custodian of Records, Actoras Consulting Group.

18.    Employment records and W2 for James Laughlin from Whittman Hart, Inc.  Sponsoring witness would be Raginae Laughlin, Plaintiffs' expert Thomas Loudat, Ph.D., and/or Custodian of Records, Whittman Hart, Inc.

19.    Tax returns for years 1998 – 2003.  Sponsoring witness would be Mary Kathryn Powell and/or Plaintiffs' expert Thomas Loudat, Ph.D.

20.    Tax returns for years 1998-2002.  Sponsoring witness would be Raginae Laughlin and/or Plaintiffs' expert Thomas Loudat, Ph.D.

21.    Erik A. Powell's The Queen's Medical Center bill.  Billing representative/custodian of records of The Queen's Medical Center.

22.    James D. Laughlin's Straub Clinic & Hospital bill.  Billing representative/custodian of records of Straub Clinic & Hospital.

23.    EMS bill for Erik A. Powell.  Billing representative/custodian of records of EMS.

24.    EMS bill for James D. Laughlin.  Billing representative/ custodian of records of EMS.

25.    The emergency physician's billing for Erik Powell.  Billing representative/custodian of records for The Emergency Group.

26.    Funeral expenses invoice for Erik A. Powell.  Billing representative/custodian of records of Burns-Kish Funeral Homes, Inc.

27.    Funeral expenses invoice for James D. Laughlin.  Billing representative/custodian of records of Leppert & Hensley.  Sponsoring witness would be Raginae Laughlin.

28.    Curriculum vitae of Thomas Ebro.  Sponsoring witness would be Thomas Ebro.

29.    Curriculum vitae of Richard Gill, Ph.D.  Sponsoring witness would be Richard Gill, Ph.D.

30.    Curriculum vitae of Roger Lukas, Ph.D.  Sponsoring witness would be Roger Lukas, Ph.D.

31.    Curriculum vitae of Laura Liptai, Ph.D.  Sponsoring witness would be Laura Liptai, Ph.D.

32.    Curriculum vitae of Thomas Loudat, Ph.D.  Sponsoring witness would be Thomas Loudat, Ph.D.

33.    Transcript of April 28, 2005 deposition of Mary Kathryn Powell with exhibits.

34.    Transcript of May 2, 2005 deposition of Raginae Laughlin with exhibits.

35.    Transcript of March 6, 2006 deposition of Ronald Bregman with exhibits.

36.    Transcript of March 6, 2006 deposition of William Goodwin with exhibits.

37.    Transcript of March 17, 2006 deposition of Robert Dorr with exhibits.

38.    Transcript of March 17, 2006 deposition of Clarence Moses with exhibits.

39.    Transcript of March 24, 2006 deposition of Daniel Neves with exhibits.

40.    Transcript of October 11, 2006 deposition of Ralph Goto with exhibits.

41.    Transcript of October 16, 2006 deposition of James Howe with exhibits.

42.    Transcript of December 15, 2006 deposition of Thomas Ebro with exhibits.

43.    Transcript of January 25, 2007 deposition of Ben Lee with exhibits.

44.    Transcript of deposition of Jeremy Harris.

45.    Transcript of deposition of Salvatore Lanzilotti.

46.    Transcript of deposition of Shawn Chun.

47.    Transcript of deposition of Major Vic Maceo.

48.    Transcript of deposition of Jerold Udinsky, Ph.D.

49.    Transcript of deposition of Richard Gill, Ph.D.

50.    Transcript of deposition of Thomas Ebro.

51.    Expert report of Richard Gill, Ph.D. who would sponsor.
Custodian may also sponsor.

52.    Expert rebuttal report of Richard Gill, Ph.D. who would
sponsor.  Custodian may also sponsor.

53.    Expert report of Thomas Ebro, Ph.D. who would sponsor.
Custodian may also sponsor.

54.    Expert rebuttal report of Thomas Ebro, Ph.D. who would
sponsor.  Custodian may also sponsor.

55.    Expert report of Roger Lukas, Ph.D. who would sponsor.
Custodian may also sponsor.

56.    Expert report of Thomas Loudat, Ph.D. who would sponsor.
Custodian may also sponsor.

57.    Expert report of Laura Liptai, Ph.D. who would sponsor.
Custodian may also sponsor.

58.    Statement of Jimmie Divers who would sponsor.  Custodian may also sponsor.

59.    Statement of Greg Rangel who would sponsor.  Custodian may also sponsor.

60.    Statement of Kathy Rangel who would sponsor.  Custodian may also sponsor.

61.    Statement of Jeannette Mann-Chavez who would sponsor.  Custodian may also sponsor.

62.    Statement of Beti Powell who would sponsor.  Custodian may also sponsor.

63.    Statement of Anthony Powell who would sponsor.  Custodian may also sponsor.

64.    Statement of Erin Hacker who would sponsor.  Custodian may also sponsor.

65.    Statement of Jerry Pupillo who would sponsor.  Custodian may also sponsor.

66.    Statement of Eileen Laughlin who would sponsor.  Custodian may also sponsor.

67.    Statement of John Laughlin, Sr. who would sponsor.  Custodian may also sponsor.

68.    Statement of John Laughlin, Jr. who would sponsor.  Custodian may also sponsor.

69.    Pre-accident medical records for Decedent Erik Powell. Sponsors would be Mary Kathryn Powell and/or custodian of records for treating physicians.

70.    Pre-accident medical records for Decedent James Laughlin. Sponsors would be custodian of records for the following insurance companies: Humana, Inc., Banner Life Insurance Company, Guardian Life Insurance, and/or Whittman Hart, Inc.

71.    Autopsy photographs of Decedent Erik A. Powell.  Sponsors would be Custodian of the Medical Examiner's Office and/or Kanthi von Guenthner, M.D.

72.    Autopsy photographs of Decedent James Laughlin.  Sponsors would be Custodian of the Medical Examiner's Office and/or Kanthi von Guenthner, M.D.

73.    Plaintiff Mary Kathryn Powell's Responses, First Supplemental Responses and Second Supplemental Responses to Defendant's First Requests for Answers to Interrogatories.  Sponsor is Mary Kathryn Powell.

74.    Plaintiff  Raginae Laughlin's Responses, First Supplemental Responses and Second Supplemental Responses to Defendant's First Requests for Answers to Interrogatories.  Sponsor is Raginae Laughlin.

75.    Plaintiff Mary Kathryn Powell's Responses, First Supplemental Responses and Second Supplemental Responses to Defendant's First Requests for Production of Documents.  Sponsor is Mary Kathryn Powell.

76.    Plaintiff Raginae Laughlin's Responses, First Supplemental Responses and Second Supplemental Responses to Defendant's First Requests for Production of Docuemtns.  Sponsor is Raginae Laughlin.

77.    Defendant City and County of Honolulu's Response to Plaintiffs' First Request for Production of Documents to Defendant City and County of Honolulu Dated December 21, 2004.

78.    Defendant City and County of Honolulu's Response to Plaintiffs' First Request for Answers to Interrogatories to Defendant City and County of Honolulu Dated December 21, 2004.

79.    Defendant City and County of Honolulu's First Supplemental Response to Plaintiffs' First Request for Production of Documents to Defendant City and County of Honolulu Dated December 21, 2004.

80.    Defendant City and County of Honolulu's Second Supplemental Response to Plaintiffs' First Request for Production of Documents to Defendant City and County of Honolulu Dated December 21, 2004.

81.    Defendant City and County of Honolulu's Third Supplemental Response to Plaintiffs' First Request for Production of Documents to Defendant City and County of Honolulu Dated December 21, 2004.

82.    Defendant City and County of Honolulu's Response to Plaintiffs' Second Request for Production of Documents to Defendant City and County of Honolulu Dated March 10, 2006.

83.    Defendant City and County of Honolulu's First Supplemental Response to Plaintiffs' Second Request for Production of Documents to Defendant City and County of Honolulu Dated March 10, 2006.

84.    Defendant City and County of Honolulu's Response to Plaintiffs' Second Request for Answers to Interrogatories to Defendant City and County of Honolulu Dated April 4, 2006.

85.    Photos of accident location.  Sponsors would be Mary Kathryn Powell.

86.    KHON news clip from July 19, 2002.  Sponsors may be Mary Kathryn Powell, Plaintiffs' expert witnesses, and Defendant City's employees, agents, and/or consultants.

87.    Complaint.

88.    Answer to Complaint.

XI.        FURTHER DISCOVERY OR MOTIONS

The parties are in the process of completing discovery in this matter. The deposition of Plaintiffs' expert Richard Gill, Ph.D. is tentatively set for either February 20, 2007 or March 2, 2007.  Defendant City's Employee Salvatore Lanzilotti is scheduled for February 22, 2007.  Plaintiffs intend to depose defense expert Jerold Udinsky, Ph.D. on March 8, 2007, Major Vic Maceo on March 9, 2007, Shawn Chun and Jeremy Harris.  There is also written discovery outstanding.  There is a pending Motion for Partial Summary Judgment that this Court has taken under advisement.

XII.        STIPULATIONS

There are no stipulations.

XIII.        AMENDMENTS, DISMISSALS

There are no current requested or proposed amendments to pleadings or dismissals of the parties, claims or defenses.

XIV.        SETTLEMENT DISCUSSION

As the Court is aware, this matter proceeded through private mediation and settlement conference.  Plaintiffs believe that further participation by the Court in settlement negotiations is not likely to be productive.

XV.        AGREED STATEMENT

Presentation of the action, in whole or in part, upon an agreed statement of facts is not feasible or desired.

XVI.       BIFURCATION, SEPARATE TRIAL OF ISSUES

Bifurcation or a separate trial of specific issues is not feasible or desired.

XVII.      REFERENCE TO MASTER OR MAGISTRATE JUDGE

On December 9, 2004, this matter was referred to Magistrate Judge Kobayashi, with agreement by the parties, for trial.

XVIII.     APPOINTMENT AND LIMITATION OF EXPERTS

An appointment by the Court of an impartial expert witness is not feasible or desired.  A limitation on the number of expert witnesses is not desired.

XIX.       TRIAL

This matter is scheduled for trial on April 3, 2007.  This matter is scheduled for a jury trial, a demand for jury trial having been filed on July 16, 2004 by Plaintiffs.

XX.        ESTIMATE OF TRIAL TIME

Plaintiffs anticipate that they will require approximately 10 days for a presentation of Plaintiffs' case.

XXI.       <u>CLAIMS OF PRIVILEGE OR WORK PRODUCT</u>

None of the matters required to be stated by Local Rule 16.6 are claimed to be covered by work product or other privilege.

XXII.      <u>MISCELLANEOUS</u>

None.

DATED:  Honolulu, Hawai`i, February 13, 2007.


/s/ Emily Kawashima Waters
IAN L. MATTOCH
EMILY KAWASHIMA WATERS
STUART M. KODISH
Attorneys for Plaintiffs