CARRIE K.S. OKINAGA, 5958
Corporation Counsel
DEREK T. MAYESHIRO, 6858
Deputy Corporation Counsel
City and County of Honolulu
530 South King Street, Room 110
Honolulu, Hawaii  96813
Telephone:  (808) 523-4890
Facsimile:  (808) 523-4583
e-mail:  dmayeshiro@honolulu.gov


ROBBINS & ASSOCIATES
Attorneys at Law
A Law Corporation

KENNETH S. ROBBINS,  1000-0
JOHN ANDERSON I. MEYER  8541-0
2200 Davies Pacific Center
841 Bishop Street
Honolulu, Hawaii   96813
Telephone:  (808) 524-2355
email:  defend@robbinsandassociates.net


LYONS, BRANDT, COOK & HIRAMATSU
Attorneys at Law
A Law Corporation

THOMAS E. COOK,  1752-0
1800 Davies Pacific Center
841 Bishop Street
Honolulu, Hawaii  96813
Telephone:  (808) 524-7030
Facsimile:  (808) 533-3011
e-mail:  tcook@lbchlaw.com

Attorneys for Defendant
  CITY AND COUNTY OF HONOLULU

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| THE ESTATE OF ERIC A. POWELL, THROUGH PERSONAL REPRESENTATIVE MARY K. POWELL; THE ESTATE OF JAMES D. LAUGHLIN, THROUGH PERSONAL REPRESENTATIVE RAGINAE C. LAUGHLIN; MARY K. POWELL, INDIVIDUALLY; RAGINAE C. LAUGHLIN, INDIVIDUALLY; CHLOE LAUGHLIN, A MINOR, THROUGH HER NEXT FRIEND, RAGINAE C. LAUGHLIN,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>CITY AND COUNTY OF HONOLULU,<br><br>　　　　　Defendant.<br><br>and<br><br>CITY AND COUNTY OF HONOLULU,<br><br>　　　　　Third-Party Plaintiff,<br><br>vs<br><br>UNIVERSITY OF HAWAII, a body corporate; JOHN DOES 1-10, JANE | Civil No. CV04 00428 LEK<br><br>DEFENDANT CITY AND COUNTY OF HONOLULU'S FINAL PRETRIAL STATEMENT; CERTIFICATE OF SERVICE<br><br>Trial:  April 3, 2007 |

DOES 1-10, DOE                    )
CORPORATIONS and DOE             )
ENTITIES,                        )
                                 )
          Third-Party Defendants. )
_____ )

I:/Powell/

## DEFENDANT CITY AND COUNTY OF HONOLULU'S
## FINAL PRETRIAL STATEMENT

Comes now, Defendant City and County of Honolulu ("City"), by and through its attorneys, CARRIE K.S. OKINAGA, Corporation Counsel, DEREK T. MAYESHIRO, Deputy Corporation Counsel, and the law firm of LYONS BRANDT COOK & HIRAMATSU, and the law firm of ROBBINS AND ASSOCIATES, and hereby files its Final Pretrial Statement in accordance with Local Rule 16.6 and the Scheduling Conference Order filed herein.

I.    PARTY

This Pretrial Statement is filed on behalf of Defendant City and County of Honolulu.

II.    JURISDICTION

Plaintiffs The Estate Of Eric A. Powell, Through Personal Representative Mary K. Powell; The Estate Of James D. Laughlin, Through Personal Representative Raginae C. Laughlin; Mary K. Powell, Individually; Raginae C. Laughlin, Individually; Chloe Laughlin, A Minor, Through Her

Next Friend, Raginae C. Laughlin (hereinafter collectively referred to as "Plaintiffs") claim that jurisdiction is appropriate under 28 U.S.C. §1332 based upon diversity of citizenship and amount in controversy.  They further claim that venue is proper under 28 U.S.C. §1391 because the events occurred within this district.  The City does not contest jurisdiction or venue.

III.    SUBSTANCE OF ACTION

Plaintiffs claim that the City lifeguards were negligent in providing water safety services for the decedents Erik Powell and James Laughlin. They further claim that the City failed to properly warn of dangerous ocean conditions, failed to adequately staff Hanauma Bay and train its lifeguards. Plaintiffs further claim that an alleged City employee acted with gross negligence for directing the decedents to swim in an area of Hanauma Bay believed to be dangerous.

The City relies upon the legal protections afforded under Act 190 of the 1996 Hawaii Session Laws.  This Act provides that warning signs are conclusively presumed to be adequate if the design and location of the sign is approved by the chair of the Board of Land and Natural Resources, State of Hawaii.

4

The City also relies upon the qualified immunity of City lifeguards under Act 170 of the 2002 Hawaii Session Laws.  This Act provides that the plaintiffs must establish acts or omissions of gross negligence to recover against the City or its lifeguards.

In addition, the City asserts that it was not negligent or grossly negligent.  Furthermore, the City asserts that if such negligence is proved at trial, it was not the proximate cause of the decedents' deaths.

## IV.  UNDISPUTED FACTS

On July 19, 2002, Water Safety Officer Clarence Moses ("WSO Moses") saw a swimmer coming around Witches Brew Point.  The swimmer was doing fine until he attempted to climb onto the side of the bay and fell into the water.  WSO Moses sent his partner, WSO Daniel Neves to assist the swimmer.  WSO Neves grabbed his equipment and took off.  By the time WSO Neves reached the end of the beach, the swimmer, who was hanging onto the ledge, fell back into the water.  Then, WSO Moses called the supervisor informing him of a possible rescue.

WSO Neves ran to the ledge near to the swimmer and jumped into the water with his rescue tube.  He reached the swimmer and started mouth-to-mouth resuscitation.

WSO Moses ran with toward the ledge with his equipment, oxygen and first aid kit.  The acting supervisor, Ron Bregman drove past WSO Moses with his truck heading toward the swimmer.  When WSO Moses reached the ledge, WSO Neves brought the swimmer to the ledge.  The swimmer was lifted out the water and the lifeguards performed CPR.  As they performed CPR, the swimmer began to vomit.  The lifeguards had difficulty providing resuscitation because of the amount of vomit from the swimmer.  But, they continued their efforts until the ambulance arrived.

After the ambulance left, the lifeguards tried to determine who the swimmer was.  When they described the swimmer to the bay patrons, it was determined that he may not have been alone.  Thereafter, the lifeguards called for the mobile rescue team who operate the jet ski.

WSO Billy Goodwin was operating the jet ski that day and his partner was WSO Rob Dorr.  They were at Sandy Beach when they received the call of a missing swimmer at Hanauma Bay.  They drove to the Bay and as they came down WSO Moses was going up to get a better visual of the bay.  When WSO Moses spotted the missing swimmer, WSOs Goodwin and Dorr launched the jet ski and picked up the missing swimmer and performed CPR.

The first swimmer was later identified as Decedent Laughlin and the second swimmer was later identified as Decedent Powell.

V.    DISPUTED FACTUAL ISSUES

The City disputes alleged facts that Plaintiffs claim establish liability upon the City or its employees for the deaths of Erik Powell and James Laughlin.  The City also disputes alleged facts that Plaintiffs claim establish their claim for monetary damages and/or other injuries.

VI.    RELIEF PRAYED

Plaintiffs claim an unspecified amount for special and general damages.

VII.    POINTS OF LAW

The City asserts the legal protections afforded by Act 190 of the 1996 Hawaii Session Laws.  Section 2 of Act 190 protects the City as follows:

(a) The State or county operating a public beach park shall have a duty to warn the public specifically of dangerous shorebreak or strong current in the ocean adjacent to a public beach park if these conditions are extremely dangerous, typical for the specific beach, and if they pose a risk of serious injury or death.

(b)  A sign or signs warning of dangerous shorebreak or strong current shall be conclusively presumed to be legally adequate to warn of these dangerous conditions, if the State or county posts a sign or signs warning of the dangerous shorebreak or strong current and the design and placement of the warning sign or signs has been approved by the chairperson of the board of land and natural resources.

> (f) Neither the State nor any county shall have a duty to warn of dangerous natural conditions in the ocean other than as provided in this section.
>
> 1996 Haw. Sess. L. Act 190, § 2(a), (b), and (f) at 435.

At the time of the subject incident, the City petitioned and received approval for the design and placement of the strong current warning signs located at Hanauma Bay by the Chair Of The Board Of Land And Natural Resources.

Plaintiffs' oceanography expert opines that strong currents pushed the decedents to Witches Brew where strong wave actions were present.

The City is entitled to the legal protections under this Act because it complied with the process outlined by the Act and Plaintiffs' own expert believes that the strong currents of the Bay was a substantial factor in the decedents' death.

In addition, the City anchors one of its defenses to Act 170 of the 2002 Hawaii Session Laws.  This Act states in relevant part:

> (b)  Notwithstanding any other law to the contrary, a county lifeguard, the employing county, and the State shall not be liable for any civil damages resulting from any act or omission of the lifeguard while providing rescue, resuscitative, or other lifeguard services on the beach or in the ocean in the scope of their employment as a county lifeguard.  This exception from liability, however, shall not apply when the claim for civil

damages results from a county lifeguard's gross negligence or wanton act or omission.

2002 Haw. Sess. L. Act 170, § Section 1(b)

Hawaii courts have defined gross negligence as follows:

Indifference to present legal duty and to utter forgetfulness of legal obligations so far as other persons may be affected. It is a heedless and palpable violation of legal duty respecting the rights of others. The element of culpability which characterizes all negligence is in gross negligence magnified to a high degree as compared with that present in ordinary negligence. Gross negligence is a manifestly smaller amounts of watchfulness and circumspection than the circumstances require of a person of ordinary prudence. But it is something less than the willful, wanton and reckless conduct.

Iddings v. Mee-Lee, 82 Hawai'i 1, 23, 919 P.2d 263, 285 (1996)

Consequently, the Plaintiffs must prove gross negligence, rather than simple negligence, on the part of the City and its lifeguards.  In the words of the Hawaii Supreme Court, the Plaintiffs must show that the lifeguards were indifferent to their legal duty and utterly forgetful of their legal obligations.

In addition, the City asserts that Plaintiffs cannot meet their burden of proof to establish a prima facie case against the City for breach of any duty and/or proximate cause.

VIII.  PREVIOUS MOTIONS

On March 1, 2005, the City filed its Motion for Leave to File Third-Party Complaint.  The Court granted this Motion on March 29, 2005 without a hearing.

On December 29, 2006, the City filed its Motion for Partial Summary Judgment.  On February 8, 2007, the Court heard oral arguments on this Motion and took the matter under advisement.

IX.  WITNESSES

1.    Plaintiff Mary Powell.  Will testify as to her observations on July 19, 2002 and facts related to liability and damages of Erik Powell and James Powell.

2.    Reginae Laughlin.  Will testify as to facts related to the her damages and/or injury and those allegedly sustained by Chloe Laughlin.

3.    Clarence Moses.  Will testify as to the events at Hanauma Bay on 7/19/02 as they pertains to the subject incident.  Will also testify as to facts pertaining to liability.

4.    Daniel Neves.  Will testify as to the events at Hanauma Bay on 7/19/02 as they pertains to the subject incident.  Will also testify as to facts pertaining to liability.

5.    Shawn Chun.  Will testify as to the events at Hanauma Bay on 7/19/02 as they pertains to the subject incident.  Will also testify as to facts pertaining to liability.

6.    Ronald Bregman.  Will testify as to the events at Hanauma Bay on 7/19/02 as they pertains to the subject incident.  Will also testify as to facts pertaining to liability.

7.    James Howe.  Will testify as to facts pertaining to liability, including but not limitied to lifeguard training, lifeguard equipment, and/or lifeguard staffing.

8.    Ralph Goto.  Will testify as to facts pertaining to liability, including but not limitied to lifeguard training, lifeguard equipment, and/or lifeguard staffing.  Will also testify as to Act 190 warning signs.

9.    Jimmy Barros.  Will testify as to facts pertaining to liability.

10.    Alan Hong.  Will testify as to events of July 19, 2002 as they pertain to the subject incident.

11.    John Oehrlein.  Will testify as to events of July 19, 2002 as they pertain to the subject incident.

12.    Elizabeth Amendolare.  Will testify as to events of July 19, 2002 as they pertain to the subject incident.

13.    Jeff Kim.  Will testify as to events of July 19, 2002 as they pertain to the subject incident.

14.    Jeffrey Lee.  Will testify as medical findings and condition of James Laughlin and other facts as to events of July 19, 2002 as they pertain to the subject incident.

15.    Adam Ogden.  Will testify as medical findings and condition of James Laughlin and other facts as to events of July 19, 2002 as they pertain to the subject incident.

16.    Patrick Asing Will testify as medical findings and condition of Erik Powell and other facts as to events of July 19, 2002 as they pertain to the subject incident.

17.    Bruce Cody.  Will testify as medical findings and condition of Erik Powell and other facts as to events of July 19, 2002 as they pertain to the subject incident.

18.    Ralston Nagata.  Will testify as to City's petition and approval of design and placement of Act 190 warning signs.  Will testify as to other matters pertaining to liability, including but not limited to the purpose of Act 190 and approval process of Act 190 warnings signs.

19.    Hon. Michael Wilson.  May testify as to City's petition and approval of design and placement of Act 190 warning signs.  Will testify as

to other matters pertaining to liability, including but not limited to the purpose of Act 190 and approval process of Act 190 warnings signs.

20.    Jerry Pupillo.  Will testify about matters pertaining to liability and damages.

21.    Mary Lou Pupillo.  Will testify about matters pertaining to liability and damages.

22.    HPD Officer Chris Montoya.  Will testify about his observations and investigation of the deaths of James Laughlin and Erik Powell.

23.    HPD Officer Boyce Sugai.  Will testify about his observations and investigation of the deaths of James Laughlin and Erik Powell.

24.    HPD Det. Theodore Coons.  Will testify about his observations and investigation of the deaths of James Laughlin and Erik Powell.

25.    Roger Lukas, Ph.D.  Will testify about opinions as to the ocean conditions of the day of the incident.

26.    Vic Maceo.  Will testify about opinions regarding liability, including but not limited to water rescue services, lifeguard training, lifeguard staffing, and lifeguard equipment, and preventative lifeguard measures, including warnings.

27.    Jerald Udinsky, Ph.D.  Will testify about opinions related to damages, including but not limited to wage loss of both decedents and other monetary damages and/or injury to Plaintiffs.

28.    Sgt. Patrice Gionson.  Will testify about HPD investigation of the deaths of Erik Powell and James Laughlin.

The City will also call appropriate custodian of records to authenticate trial exhibits, including but not limited to those identified below.

Discovery is on-going.  The City reserves the right to identify and call at trial additional witnesses who become known through further investigation and/or discovery.

The City reserves the right to identify and call at trial witnesses identified by Plaintiffs in their discovery responses, intial disclosures, and pretrial statements.

The City further reserves the right to call rebuttal witnesses.

X.    <u>EXHIBITS, SCHEDULES, AND SUMMARIES</u>

1.    Act 190 Form for Hanauma Bay with photographs of warning signs.  Identifies the proposed location of Act 190 signs at Hanauma Bay with photos of the signs after placement.  Sponsored by Ralph Goto and/or Ralston Nagata.

2.      Act 190 Form Diagram of placement of warning signs. Identifies the proposed location of Act 190 signs at Hanauma Bay. Sponsored by Ralph Goto and/or Ralston Nagata.

3.      Act 190 Approval Memoranda from the Chair of Board of Land and Natural Resources.  Evidence of the BLNR Chair's approval of the Act 190 signs at Hanauma Bay and other City locations.  Sponsored by Ralph Goto and/or Ralston Nagata.

4.      Proposed & Approved Act 190 Strong Current Sign design. Sponsored by Ralph Goto and/or Ralston Nagata.

5.      HFD Rpt 2002-0021214-000.  Custodian of Records Honolulu Fire Department.

6.      3 Photographs of Act 190 warning signs at Hanauma Bay at the time of the incident.  Sponsored by Ralph Goto.

7.      Water Safety Division, Supervisor's Report Re Erik Powell & James Laughlin.  Evidence of Supervisor's review of subject incident reports.  Sponsored by Ronald Bregman/James Howe/Ralph Goto.

8.      Water Safety Division Incident Report, 7/19/02 Regarding James Laughlin.  Documents the drowning incident of James Laughlin. Sponsored by Custodian of Records Water Safety Division.

9.      Water Safety Division Incident Report, 7/19/02 Regarding Erik Powell.  Documents the drowning incident of Erik Powell.  Sponsored by Custodian of Records Water Safety Division.

10.     Major Incident Report & Statement Form, Ronald Bregman. Documents events observed on date of incident by Ronald Bregman. Sponsored by Ronald Bregman.

11.     Major Incident Report & Statement Form, Clarence Moses. Documents events observed on date of incident by Clarence Moses. Sponsored by Clarence Moses.

12.     Major Incident Report & Statement Form, Daniel Neves. Documents events observed on date of incident by Daniel Neves. Sponsored by Daniel Neves.

13.     Major Incident Report & Statement Form, Shawn Chun. Documents events observed on date of incident by Shawn Chun. Sponsored by Shawn Chun.

14.     HPD Incident Rpt. 02-277-608 Re James Laughlin.  Documents investigation by police officers regarding the death of James Laughlin. Sponsored by HPD Officer Chris Montoya and/or HPD Officer Boyce Sugai.

15.    HPD Incident Rpt 02-277-607 Re Erik Powell.  Documents investigation by police officers regarding the death of Erik Powell. Sponsored by HPD Officer Chris Montoya.

16.    HPD Rpt 02-227607; 252 Stmt Form Daniel Neves. Documents events observed on date of incident by Daniel Neves. Sponsored by Daniel Neves.

17.    HPD Rpt 02-227607; 252 Stmt Form William Goodwin. Documents events observed on date of incident by William Goodwin. Sponsored by William Goodwin.

18.    Autopsy Report  Case No. 02-0954.  Documents the medical examiner's findings and opinions as to the death of James Laughlin. Sponsored by Kanthi Von Guenthner, M.D.

19.    Autopsy Rpt. Case No. 02-0953.  Documents the medical examiner's findings and opinions as to the death of Erik Powell.  Sponsored by Kanthi Von Guenthner, M.D.

20.    Ambulance Rpt, ARF 79114.  Documents medical findings and actions of emergency medical technicians upon Erik Powell.  Sponsored by Patrick Asing; Custodian of Records for EMS.

21.    Ambulance Rpt. ARF 96605.  Documents medical findings and actions of emergency medical technicians upon James Laughlin. Sponsored by Jeffrey Lee; Custodian of Records for EMS.

22.    EMS Log 7/19/02, Pg. 9.  Documents when ambulance was dispatched & arrived for James Laughlin.  Sponsored by Custodian of Records for EMS.

23.    EMS Log 7/19/02, pg 10.  Documents when ambulance was dispatched & arrived for Erik Powell.  Sponsored by Custodian of Records for EMS.

24.    United States Lifesaving Association Manual of Open Water Lifesaving.  B. Chris Brewster, Editor.  Copyright 1995.  City's training for lifeguards is based upon this manual.  Sponsored by Ralph Goto.

25.    Hanauma Bay Park Attendant Log, July 19, 2002.  Documents Park rangers activities for the day.  Sponsored by Alan Hong; John Oehrlein; Elizabeth Amendolare; Jeff Kim.

26.    Queen's Medical Center, Med. Record No. 613174 Re: Erik Powell.  Derek Umura, MD.  Documents medical findings, conditions, and opinions of Erik Powell by medical personnel.  Sponsored by Custodian of Records for Queen's Medical Center; Derek Umura, M.D.

27.    Straub Clinic & Hospital Med. Record No 22-13-42-53; Re: James Laughlin. Documents medical findings, conditions, and opinions of Erik Powell by medical personnel.  Sponsored by Custodian of Records Monte Elias, MD

28.    Department of Human Resources, Position Description Water Safety Officer II.  Documents responsibilities and duties of a Water Safety Officer II.  Sponsored by Ronald Bregman; Ralph Goto.

29.    Department of Human Resources, Position Description Water Safety Officer I.  Documents responsibilities and duties of a Water Safety Officer II.  Sponsored by Ronald Bregman; Ralph Goto.

30.    Photo #70 of Hanauma Bay on or about 7/17-7/19/02.  Depicts Erik Powell and conditions of Hanauma Bay on or about July 19, 2002.

31.    Figure 1a-d (6 photographs) of Roger Lukas, Ph.D Report. Depicts wave and ocean conditions of Witches Brew believed to be similar to the wave and ocean conditions of the day of the incident.  Sponsored by Roger Lukas, Ph.D.

32.    Figures 2a-d (4 photographs) of Roger Lukas, Ph.D Report. Depicts wave and ocean conditions of Witches Brew believed to be similar to the wave and ocean conditions of the day of the incident.  Sponsored by Roger Lukas, Ph.D.

33.    Death Certificate of Erik Powell.  Documents death of and cause of death of Erik Powell.  Sponsored by Kanthi von Guenthner, MD.

34.    Death Certificate of James Laughlin.  Documents death of and cause of death of James Laughlin.  Sponsored by Kanthi von Guenthner, MD.

35.    CV of Vic Maceo.  Sponsored by Vic Maceo.

36.    CV of Jerald Udinsky, Ph.D.  Sponsored by Jerald Udinsky, Ph.D.

As the discovery is ongoing, the City reserves the right to identify and/or offer at trial additional exhibits.

The City reserves the right to offer at trial exhibits identified by Plaintiffs in their Pretrial Statement and/or any discovery responses.

XI.    FURTHER DISCOVERY OR MOTIONS

The parties are in the process of completing discovery, including various depositions of witnesses and experts.

The City does not anticipate any further motions other than various motions in limine.

XII.    STIPULATIONS

At this time, the City does not request nor propose any stipulations for pretrial or trial proceedings.

XIII.  AMENDMENTS AND DISMISSALS

At this time, the City does not request amendments to any pleadings. In addition, the City does not request any dismissals of parties, claims or defenses other than those identified in its Motion for Partial Summary Judgment.

XIV.  SETTLEMENT DISCUSSIONS

The Plaintiffs have demanded $10,000,000 to settle this case.  The City rejected this offer.  However, the parties have agreed to mediation and continue to explore settlement through this process.  The City believes that continued participation in mediation will be productive.

XV.  AGREED STATEMENT

The City does not believe an agreed statement is feasible, nor does the City desire one to be presented.

XVI.  BIFURCATION, SEPARATE TRIAL OF ISSUES

The City does not believe separate trials are feasible, nor does it desire the issues to be bifurcated.

XVII. REFERENCE TO MASTER OR MAGISTRATE JUDGE

The parties have agreed that the Magistrate Judge preside over the trial.  The City does not believe a master is warranted in this case.

XVIII.  APPOINTMENT AND LIMITATION OF EXPERTS

The City does not believe that an independent expert is needed in this case.  Also, the City does not believe that a limitation on the number of expert witnesses is needed.

XIX.  TRIAL

The Plaintiffs timely demanded a jury trial.  The jury trial is scheduled to commence on April 3, 2007.

XX.  ESTIMATE OF TRIAL TIME

Presently, the City believes that the trial will last approximately 12-14 trial days.

XXI.  CLAIMS OF PRIVILEGE OR WORK PRODUCT

Presently, there is no information required to be contained within this Pretrial Statement that the City believes to be protected under claims of privilege or work product.

## XXII. MISCELLANEOUS

The are no additional matters relevant to trial that need to be addressed at this time.

DATED:  Honolulu, Hawaii, February 13, 2007.

CARRIE K.S. OKINAGA
Corporation Counsel


By /s/ Derek T. Mayeshiro
    DEREK T. MAYESHIRO, ESQ.
    Deputy Corporation Counsel
    KENNETH S. ROBBINS, ESQ.
    THOMAS E. COOK, ESQ.

    Attorneys for Defendant
    CITY AND COUNTY OF HONOLULU