IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| THE ESTATE OF ERIK A. POWELL, THROUGH PERSONAL REPRESENTATIVE MARY K. POWELL; THE ESTATE OF JAMES D. LAUGHLIN, THROUGH PERSONAL REPRESENTATIVE RAGINAE C. LAUGHLIN; MARY K. POWELL, INDIVIDUALLY; RAGINAE C. LAUGHLIN, INDIVIDUALLY; CHLOE LAUGHLIN, A MINOR, THROUGH HER NEXT FRIEND, RAGINAE C. LAUGHLIN, <br><br>　　　　　Plaintiffs, <br><br>　vs. <br><br>CITY AND COUNTY OF HONOLULU, <br><br>　　　　　Defendant. <br><br>　and <br><br>CITY AND COUNTY OF HONOLULU, <br><br>　　　　　Third-Party Plaintiff, <br><br>　vs. <br><br>UNIVERSITY OF HAWAII, a body corporate; JOHN DOES 1-10, JANE DOES 1-10, DOE CORPORATIONS and DOE ENTITIES, <br><br>　　　　　Third-Party Defendants. | CIVIL NO. CV04-00428 LEK <br><br> MEMORANDUM IN SUPPORT OF MOTION |

## MEMORANDUM IN SUPPORT OF MOTION

### I.    BACKGROUND

Throughout the discovery proceedings on this case, counsel for both parties have been able to amicably schedule depositions and respond to discovery requests. In fact, on January 4, 2005, the parties stipulated to exceeding the interrogatory limits. On January 26, 2007, the parties stipulated to extend the discovery cutoff. On numerous past occasions, the parties stipulated to extend various expert deadlines.

Recently, however, the Defendant City & County of Honolulu ("Defendant") has not responded to our numerous requests to schedule necessary depositions of critical witnesses and experts. Plaintiffs have gone through great lengths to set aside times and arrange for videoconferencing capabilities for the depositions of the mainland experts. Defendant ignored Plaintiffs' requests to secure dates for these depositions.

On February 14, 2007, Plaintiffs received a letter from Defendant, attached as Exhibit "1", notifying Plaintiffs that Defendant will not agree to schedule depositions that exceed the 10 deposition limit as set forth in Fed. R. Civ. P. 30(a)(2)(A). Plaintiffs responded via facsimile, attached see Exhibit "2."

Based on the continuing efforts to complete discovery, the nature and complexity of this action, and the time in which the parties have to complete discovery, Plaintiffs respectfully request that the Court grant the motion.

## II.     ARGUMENT

Rule 26(b)(2) states that "[b]y order, the court may alter the limits in these rules on the number of depositions under Rule 30." Because of the nature and complexity of this case, Plaintiffs believe this request to exceed the deposition limit to be reasonable and appropriate.

Applying the factors noted in Rule 26, Plaintiffs should be entitled to notice additional depositions on the Defendant because: (1) the discovery is not unreasonably cumulative or duplicative and is not obtainable from another source that is more convenient, less burdensome or less expensive; (2) Plaintiffs have learned of various issues through discovery and therefore have not had ample time to obtain this discovery and both parties have only recently started noticing expert depositions as the reports were submitted recently; (3) there is little burden or expense due to the proposed discovery and given the nature of the case, the issues at stake and the importance of the proposed discovery, the benefits far outweigh any burden.

The additional depositions are central to Plaintiffs' causes of action. The witnesses have the information sought and Defendant is only now using the

deposition limit as a tactic to delay the discovery process at this late date prior to trial. The fact that the City waited until this late date to now object to our taking additional depositions is evidence of this delay tactic.

Plaintiffs' counsel has in good faith conferred with counsel for Defendant in an effort to stipulate to exceed the deposition limit. (See Declaration of Counsel.) Defendant denied our request to stipulate to exceed the deposition limit.

### III. CONCLUSION

Defendant has expressed an objection to Plaintiff exceeding the 10 deposition limit. Defendant would not agree to exceed the limit as requested. Therefore, Plaintiff respectfully requests this Court to issue an order allowing Plaintiff to exceed the deposition limit and compel the Yamaha Defendants to properly respond.

DATED: Honolulu, Hawai`i, February 14, 2007.

/s/ Emily Kawashima Waters
IAN L. MATTOCH
EMILY KAWASHIMA WATERS
STUART M. KODISH
Attorneys for Plaintiffs