IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| THE ESTATE OF ERIK A. POWELL, THROUGH PERSONAL REPRESENTATIVE MARY K. POWELL; THE ESTATE OF JAMES D. LAUGHLIN, THROUGH PERSONAL REPRESENTATIVE RAGINAE C. LAUGHLIN; MARY K. POWELL, INDIVIDUALLY; RAGINAE C. LAUGHLIN, INDIVIDUALLY; CHLOE LAUGHLIN, A MINOR, THROUGH HER NEXT FRIEND, RAGINAE C. LAUGHLIN,<br><br>     Plaintiffs,<br><br> vs.<br><br>CITY AND COUNTY OF HONOLULU,<br><br>     Defendant.<br><br> and<br><br>CITY AND COUNTY OF HONOLULU,<br><br>     Third-Party Plaintiff,<br><br> vs.<br><br>UNIVERSITY OF HAWAII, a body corporate; JOHN DOES 1-10, JANE DOES 1-10, DOE CORPORATIONS and DOE ENTITIES,<br><br>     Third-Party Defendants.<br>_____ | CIVIL NO. CV04-00428 LEK<br><br>DECLARATION OF COUNSEL |

## DECLARATION OF COUNSEL

EMILY KAWASHIMA WATERS, hereby declares and states:

1. That she is an attorney licensed to practice in the State of Hawaii.

2. That she is a member of the Law Offices of Ian L. Mattoch, retained to represent Plaintiffs THE ESTATE OF ERIK A. POWELL, THROUGH PERSONAL REPRESENTATIVE MARY K. POWELL; THE ESTATE OF JAMES D. LAUGHLIN, THROUGH PERSONAL REPRESENTATIVE RAGINAE C. LAUGHLIN; MARY K. POWELL, INDIVIDUALLY; RAGINAE C. LAUGHLIN, INDIVIDUALLY; CHLOE LAUGHLIN, A MINOR, THROUGH HER NEXT FRIEND ("Plaintiffs") in the above-entitled matter.

3. That she has personal knowledge and is competent to testify as to the matters contained herein.

4. That on or about January 23, 2007, I discussed with counsel for Defendant City & County of Honolulu the scheduling of depositions of various mainland experts.

5. That from approximately the end of January 2007 to present, I or my office has been making numerous efforts to accommodate Defendant's requests to take Plaintiffs' experts depositions via videoconference.

6. That I have made requests to depose additional witnesses in addition to Defendant's experts and counsel for Defendant has not responded to these requests.

7. That on February 14, 2007, I received a letter from Defendant that they would be relying on Fed. R. Civ. P. 30(b)(2)(A) to prevent Plaintiffs from taking more than 10 depositions. A true and correct copy is attached as Exhibit "1".

8. That attached hereto as Exhibit "2" is my response faxed letter to Mr. Mayeshiro and Mr. Cook dated February 14, 2007.

9. That on February 14, 2007, I left a message and sent an email to defense counsel Derek Mayeshiro requesting that the Defendant stipulate to allow Plaintiff to exceed the deposition limit.

10. Derek Mayeshiro did not return my email or voicemail regarding a stipulation to allow Plaintiffs to exceed the deposition limit. As time is of the essence with the discovery cutoff on March 16, 2007 and several depositions already scheduled, I was left no choice than to proceed with filing this motion.

11. That I certify that I made a good faith effort to secure the additional depositions without court action, and conferred with defense counsel in accordance with the Rules of Civil Procedure.

12. That Plaintiffs are entitled to the above-described discovery in order to adequately present their case.

I declare, certify, verify and state under penalty of perjury that the foregoing is true and correct.

DATED: Honolulu, Hawai'i, February 14, 2007.

/s/ Emily Kawashima Waters
EMILY KAWASHIMA WATERS