IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| THE ESTATE OF ERIK A. POWELL, THROUGH PERSONAL REPRESENTATIVE MARY K. POWELL; THE ESTATE OF JAMES D. LAUGHLIN, THROUGH PERSONAL REPRESENTATIVE RAGINAE C. LAUGHLIN; MARY K. POWELL, INDIVIDUALLY; RAGINAE C. LAUGHLIN, INDIVIDUALLY; CHLOE LAUGHLIN, A MINOR, THROUGH HER NEXT FRIEND, RAGINAE C. LAUGHLIN,<br><br>     Plaintiffs,<br><br> vs.<br><br>CITY AND COUNTY OF HONOLULU,<br><br>     Defendant.<br><br> and<br><br>CITY AND COUNTY OF HONOLULU,<br><br>     Third-Party Plaintiff,<br><br> vs.<br><br>UNIVERSITY OF HAWAII, a body corporate; JOHN DOES 1-10, JANE DOES 1-10, DOE CORPORATIONS and DOE ENTITIES,<br><br>     Third-Party Defendants.<br>_____ | CIVIL NO. CV04-00428 LEK<br><br>DECLARATION OF EMILY KAWASHIMA WATERS |

## DECLARATION OF EMILY KAWASHIMA WATERS

EMILY KAWASHIMA WATERS, pursuant to LR 7.6, declares that:

1. I am an attorney with The Law Offices of Ian Mattoch, and represent Plaintiffs THE ESTATE OF ERIK A. POWELL, THROUGH PERSONAL REPRESENTATIVE MARY K. POWELL; THE ESTATE OF JAMES D. LAUGHLIN, THROUGH PERSONAL REPRESENTATIVE RAGINAE C. LAUGHLIN; MARY K. POWELL, INDIVIDUALLY; RAGINAE C. LAUGHLIN, INDIVIDUALLY; CHLOE LAUGHLIN, A MINOR, THROUGH HER NEXT FRIEND, RAGINAE C. LAUGHLIN ("Plaintiffs") in the above-entitled matter.

2. I have personal knowledge of the matters set forth herein and I am competent to so testify.

3. Plaintiffs filed a Motion to Exceed Deposition Limit on February 14, 2007.

4. Plaintiffs move this Court *ex parte* for an order shortening the time in which to hear the motion to March 20, 2007, or alternatively, to rule on the motion without a hearing for the following reasons.

5. Trial in this matter is set for April 3, 2007.

6. The discovery cutoff is March 16, 2007.

7. There are approximately four mainland expert depositions and four local depositions that need to be taken prior to that date. All of these depositions are necessary witnesses.

8. Our office has gone to great lengths to coordinate the mainland expert depositions including finding and securing videoconference facilities and coordinating with counsels' schedules.

9. Counsel for the City has only today informed that they will be objecting to Plaintiffs exceeding the 10-deposition limit.

10. I left voicemail messages with Mr. Mayeshiro and sent an email requesting that he stipulate to allow Plaintiffs to exceed the deposition limit but have not received a response.

11. Clearly, time is of the essence in resolving this matter.

12. Counsel alternatively requests that the Court consider ruling on the motion without a hearing in the interest of judicial economy.

13. Should the Court wish to hold a hearing on this matter, I request a shortening of time on the hearing to March 20, 2007, when the parties are scheduled to appear before Your Honor for a pretrial conference.

14. I can think of no prejudice that will result to the Defendant in hearing the motion on March 20, 2007.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: Honolulu, Hawai`i, February 14, 2007.

                                /s/ Emily Kawashima Waters
                                EMILY KAWASHIMA WATERS