CARRIE K.S. OKINAGA, 5958
Corporation Counsel
DEREK T. MAYESHIRO, 6858
Deputy Corporation Counsel
City and County of Honolulu
530 South King Street, Room 110
Honolulu, Hawaii  96813
Telephone:  (808) 523-4890
Facsimile:  (808) 523-4583
e-mail:  dmayeshiro@honolulu.gov


ROBBINS & ASSOCIATES
Attorneys at Law
A Law Corporation

KENNETH S. ROBBINS,  1000-0
JOHN ANDERSON I. MEYER  8541-0
2200 Davies Pacific Center
841 Bishop Street
Honolulu, Hawaii   96813
Telephone:  (808) 524-2355
email:  defend@robbinsandassociates.net


LYONS, BRANDT, COOK & HIRAMATSU
Attorneys at Law
A Law Corporation

THOMAS E. COOK,  1752-0
1800 Davies Pacific Center
841 Bishop Street
Honolulu, Hawaii   96813
Telephone:  (808) 524-7030
Facsimile:  (808) 533-3011
e-mail:  tcook@lbchlaw.com

Attorneys for Defendant
  CITY AND COUNTY OF HONOLULU

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| THE ESTATE OF ERIC A. POWELL, THROUGH PERSONAL REPRESENTATIVE MARY K. POWELL; THE ESTATE OF JAMES D. LAUGHLIN, THROUGH PERSONAL REPRESENTATIVE RAGINAE C. LAUGHLIN; MARY K. POWELL, INDIVIDUALLY; RAGINAE C. LAUGHLIN, INDIVIDUALLY; CHLOE LAUGHLIN, A MINOR, THROUGH HER NEXT FRIEND, RAGINAE C. LAUGHLIN,<br><br>          Plaintiffs,<br><br>vs.<br><br>CITY AND COUNTY OF HONOLULU,<br><br>          Defendant.<br><br>and<br><br>CITY AND COUNTY OF HONOLULU,<br><br>          Third-Party Plaintiff,<br><br>vs.<br><br>UNIVERSITY OF HAWAII, a body corporate; JOHN DOES 1-10, JANE DOES 1-10, DOE CORPORATIONS and DOE | Civil No. CV04 00428 LEK<br><br>DEFENDANT CITY AND COUNTY OF HONOLULU'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT; CERTIFICATE OF SERVICE<br><br><u>Hearing</u>:<br>Date:  February 8, 2007<br>Time:  10:00 a.m.<br>Judge:  Hon. Leslie E. Kobayashi<br><br>Trial:  April 3, 2007 |

2

| | |
|---|---|
| ENTITIES, | ) |
| | ) |
| Third-Party Defendants. | ) |
| | ) |

DEFENDANT CITY AND COUNTY OF HONOLULU'S
SUPPLEMENTAL MEMORANDUM IN SUPPORT OF ITS
MOTION FOR PARTIAL SUMMARY JUDGMENT

Defendant City and County of Honolulu (hereinafter "City") hereby respectfully submits its Supplemental Memorandum in Support of its Motion for Motion for Partial Summary Judgment and with leave of Court granted at the hearing on February 8, 2007.

I.   DISCUSSION

   A.   There Is No Evidence as to the Cause of Erik Powell's Death.

As presented in the City's oral arguments at the hearing for the subject Motion, the Plaintiffs cannot establish the element of proximate cause linking the City's alleged negligence with the death of Erik Powell.  In Block v. City of Los Angeles, 253 F.3d 410, 416 (9th Cir. 2001), the Court stated, "When the moving party does not bear the ultimate burden of persuasion at trial, the moving party must show that the nonmoving party does not have enough evidence to carry its burden at trial." Id., Citation omitted.

Here, the City has established in its Motion and supporting documents that the Plaintiff cannot meet their burden in proving that the

City's alleged negligence was a substantial factor in bringing about the death of Erik Powell.

B.  The City Complied with Act 190.

The declarations of Ralph Goto are sufficient to demonstrate that he has personal knowledge to testify that the City complied with the provisions of Act 190.  Mr. Goto is the City's Administrator of the Ocean Safety and Lifeguard Services Division, Honolulu Emergency Services Department, City & County of Honolulu.  He has held this position since 1981.  In addition, he is a member of the Task Force established under Act 190 of the 1996 Session Laws of Hawaii ("Task Force") since it was created in 1996.  He states in his declaration that the City petitioned for and received Act 190 approval for the strong current warning signs at Hanauma Bay at the time of the incident.

As presented during hearing for the subject Motion, the Ninth Circuit has repeatedly stated that personal knowledge can be inferred from the affiant's position.  Self-Realization Fellowship Church v. Ananda Church of Self-Realization, 206 F.3d 1322, 1330 (9th Cir. 2000); See also, In re Kaypro, 218 F.3d 1070, 1075 (9th Cir. 2000).

As the City's Water Safety Administrator and as a member of the Task Force, Mr. Goto has the personal knowledge to testify as to the statements in his declarations in support of this Motion.  He is further able

4

to authenticate Exhibits "H" and "I" attached to Mr. Goto's Supplemental Declaration demonstrate that in 1997, the Chair of BLNR in 1997 approved the City's proposed Act 190 signs at Hanauma Bay.  Mr. Goto further attests that these Act 190 signs described in Exhibit "H" were placed at Hanauma Bay and were present at their described location on July 19, 2002.

II.     CONCLUSION

Based upon the foregoing, the City respectfully requests summary judgment in its favor for the following: (1) All claims pertaining to the death of Erik Powell; (2) Plaintiffs' claims as alleged in Paragraphs 15 and 16 of Count I of the Complaint; and (3) Plaintiffs' claims as alleged in Count II of the Complaint.

DATED:  Honolulu, Hawaii, February 15, 2007.

> CARRIE K.S. OKINAGA
> Corporation Counsel
>
> By: /s/ Derek T. Mayeshiro
>     DEREK T. MAYESHIRO
>     Deputy Corporation Counsel
>     Attorney for Defendant
>     City and County of Honolulu