LAW OFFICES OF IAN L. MATTOCH

IAN L. MATTOCH                   898-0
EMILY KAWASHIMA WATERS    6498-0
STUART M. KODISH            4698-0
Suite 1835, Pacific Guardian Center
737 Bishop Street
Honolulu, Hawai`i 96813
Telephone:  (808) 523-2451

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| THE ESTATE OF ERIK A. POWELL, THROUGH PERSONAL REPRESENTATIVE MARY K. POWELL; THE ESTATE OF JAMES D. LAUGHLIN, THROUGH PERSONAL REPRESENTATIVE RAGINAE C. LAUGHLIN; MARY K. POWELL, INDIVIDUALLY; RAGINAE C. LAUGHLIN, INDIVIDUALLY; CHLOE LAUGHLIN, A MINOR, THROUGH HER NEXT FRIEND, RAGINAE C. LAUGHLIN, | CIVIL NO. CV04-00428 LEK  PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO DEFENDANT CITY AND COUNTY OF HONOLULU'S MOTION FOR PARTIAL SUMMARY JUDGMENT, FILED DECEMBER 29, 2006; CERTIFICATE OF SERVICE |
| Plaintiffs, | Date:  February 8, 2007 Time:  10:00 a.m. Judge: Hon. Leslie E. Kobayashi |
| vs. | |
| CITY AND COUNTY OF HONOLULU, | TRIAL:  April 3, 2007 |
| Defendant. | |
| and | |

| | |
|---|---|
| CITY AND COUNTY OF HONOLULU, | ) |
| | ) |
| Third-Party Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| UNIVERSITY OF HAWAII, a body | ) |
| corporate; JOHN DOES 1-10, JANE | ) |
| DOES 1-10, DOE CORPORATIONS and | ) |
| DOE ENTITIES, | ) |
| | ) |
| Third-Party Defendants. | ) |
| _____ | ) |

PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN OPPOSITION
TO DEFENDANT CITY AND COUNTY OF HONOLULU'S MOTION
FOR PARTIAL SUMMARY JUDGMENT, FILED DECEMBER 29, 2006

Plaintiffs, THE ESTATE OF ERIK A. POWELL, THROUGH

PERSONAL REPRESENTATIVE MARY K. POWELL; THE ESTATE OF

JAMES D. LAUGHLIN, THROUGH PERSONAL REPRESENTATIVE

RAGINAE C. LAUGHLIN; MARY K. POWELL, INDIVIDUALLY; RAGINAE

C. LAUGHLIN, INDIVIDUALLY; CHLOE LAUGHLIN, A MINOR,

THROUGH HER NEXT FRIEND, RAGINAE C. LAUGHLIN (hereinafter

"Plaintiffs"), by and though their attorneys, The Law Offices of Ian L. Mattoch,

respectfully submit their Supplemental Memorandum in Opposition to Defendant

City and County of Honolulu's Motion for Partial Summary Judgment.

I.       DISCUSSION

        A.    Defendant Is Not Entitled to Summary Judgment
              Regarding Causation.

Plaintiffs respectfully submit that the standard for summary judgment that "[v]iewing the evidence in the light most favorable to the non-moving party, summary judgment is appropriate only if no genuine issues of material fact remain for trial and the moving party is entitled to judgment as a matter of law." Block v. City of Los Angeles, 253 F.3d 410, 416 (9th Cir. 2001), *citing* Margolis v. Ryan, 140 F.3d 850, 852 (9th Cir. 1998). Whether the City's negligence was a substantial factor in causing the death of Erik Powell is clearly an issue that is most appropriate in a province of the jury.

      B.      The City Is Not Entitled to Act 190 Immunity

Federal Rule of Civil Procedure 37(c)(1) gives the Court wide latitude to issue a sanction which the Advisory Counsel describe as "self executing," "automatic," and a "strong inducement for disclosure of material." Federal Civil Procedure 37, Advisory Committee's Note (1993). This provision of Rule 37 does not require a motion and is left to the district court to administer. See Yeti By Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001). Defendant has not provided any justification in failing to provide Exhibit "I" until filing its Reply Memorandum. Therefore, Plaintiffs believe an appropriate remedy is to exclude Exhibit "I" from the motion as well as from trial.

Defendant's Act 190 argument must fail for other reasons. As Act 190 clearly provides, the legal presumption only applies if both the "design and

placement of the warning sign or signs" have been approved by "the chairperson of the Board of Land and Natural Resources." HRS §663-10.5(b). Mr. Goto represents himself to be a member of the task force established under Act 190 but cannot speak for the decision-maker identified in the Act. Mr. Goto clearly does not have the personal knowledge to testify with regard to whether the provisions in Act 190 were met.

Furthermore, Exhibit "I" constitutes inadmissible hearsay. As Federal Rules of Civil Procedure 56(e) requires, the evidence relied upon in a motion for summary judgment must be admissible. Exhibit "I" was clearly offered to prove the truth of the matter asserted therein. Defendant City relies on this document to establish that Act 190 has been satisfied. There is no hearsay exception that applies to this document. The declarant did not submit a declaration nor has he testified.

Only admissible evidence can be considered in a motion for summary judgment. Orr v. Bank of America, NTNSA, 285 F.3d 764, 773 (9th Cir. 2002). "Authentication is a condition precedent to admissibility, and this condition is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." Id. The Ninth Circuit has repeatedly held that unauthenticated documents cannot be considered on a motion for summary judgment. Id. "[D]ocuments authenticated through personal knowledge must be

'attached to an affidavit that meets the requirements of 56(e) and the affiant must be a person through whom the exhibits could be admitted into evidence.'" Id. at 773-74.

Mr. Goto, as a recipient of Exhibit "I", cannot authenticate this document nor can he testify with regard to the chairperson's decision.

Finally, even if Exhibit "I" is not inadmissible hearsay, the exhibit only relates to sign placements.   As required under Act 190(h), the chairperson "shall consider the needs of the public to be warned of the potentially dangerous conditions … prior to issuing an approval for the design and placement of a warning sign or a comprehensive plan."  For these reasons, Act 190 cannot be considered to preclude Plaintiffs' warning claims.

II.        CONCLUSION

Based upon the above arguments, Plaintiffs respectfully request that the City's Motion with regard to all issues except punitive damages be denied.

DATED:  Honolulu, Hawai`i, February 15, 2007.

/s/ Emily Kawashima Waters
IAN L. MATTOCH
EMILY KAWASHIMA WATERS
STUART M. KODISH
Attorneys for Plaintiffs